The judgment and order should be affirmed, with costs.

Present — JENKS, P. J., HIRSCHBERG, BURR, THOMAS and CARR, JJ.

Judgment and order unanimously affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS O. CONTI, Appellant, *v.* OTTO KEMPNER, Chief City Magistrate, and EDWARD J. DOOLEY and Others, Constituting the Board of City Magistrates of the Second Division of the City of New York, Respondents.

Second Department, April 21, 1911.

Courts — Magistrates' Courts, city of New York — power to remove interpreter — statute construed — inconsistent statutes.

Chapter 659 of the Laws of 1910, empowering the board of city magistrates of the city of New York to remove court interpreters, applies as well to an interpreter appointed by the common council of the former city of Brooklyn under chapter 623 of the Laws of 1875 and continued as an interpreter in the Magistrates' Courts, as to interpreters appointed by

the board of magistrates. Hence, a writ of prohibition does not lie to restrain the board of magistrates from trying such interpreter on a charge of irregular attendance upon court.

Although the repealing clause of chapter 659 of the Laws of 1910 does not mention said act of 1875, and although the repealing clause did not go into effect on the passage of the statute to which it was appended, the former act was repealed by the latter statute, they being inconsistent.

Where there is a conflict between existing statutes the latest expression of the Legislature controls.

APPEAL by the relator, Thomas O. Conti, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 6th day of September, 1910, denying the relator's application for an absolute writ of prohibition, and vacating and setting aside an alternative writ of prohibition theretofore granted herein.

*Samuel J. Siegel,* for the appellant.

*James D. Bell* [*Sanders Shanks* and *Archibald R. Watson* with him on the brief], for the respondents.

Order affirmed, with ten dollars costs and disbursements, on the opinion of Mr. JUSTICE PUTNAM at Special Term.

JENKS, P. J., HIRSCHBERG, BURR, WOODWARD and RICH, JJ., concurred.

The following is the opinion delivered at Special Term:

PUTNAM, J.:

This is an application for a writ of prohibition to the board of city magistrates of the second division of the city of New York, who, on August 24, 1910, were about to try charges against the relator, an Italian court interpreter, for being irregular in attendance upon said Magistrates' Courts.

In 1897 Mr. Conti was appointed interpreter for the Brooklyn Police Courts by the Brooklyn common council, by virtue of chapter 623, Laws of 1875,* which authorized the common council to appoint such interpreters, prescribe the duties, fill vacan-

---

* See, also, Laws of 1888, chap. 583, tit. 2, § 22.— [REP.

cies, fix salaries, and to remove them from office for cause Under the Greater New York charter he was continued with other Brooklyn interpreters, some twelve in number, who appear to have been recognized as having a special tenure under control of the municipal assembly, the successor to the Brooklyn common council. When the Magistrates' Courts were formed he was also continued there as interpreter.

The question is now raised as to his status in the Magistrates' Courts created by chapter 659, Laws of 1910, which declares that all interpreters (with deputy clerks, stenographers, etc.) may be removed by the boards of magistrates "after an opportunity of making an explanation." (§ 103.) The relator, however, urges that this power of removal after explanation (which follows the wording of section 22 of the Civil Service Law *), is not applicable to interpreters already serving in the old Magistrates' Courts, but affects only those interpreters whom the new boards of magistrates may appoint. The Legislature, however, have met this by section 56, which provides that "all clerks' assistants, stenographers, interpreters and other employes of the Magistrates' Courts shall be continued without reappointment, subject to removal as provided in this act." And this legislative intent to subject all the court officers to a common uniform power of removal, without discrimination for or against those continued from prior office, is found in other parts of the Inferior Criminal Courts Act. Where prior incumbents are continued in office the very provision therefor declares this continuance subject to removal "as provided in this act," as in the case of police clerks (§ 55), and of officers and employees of the Court of Special Sessions (§ 17). Obviously, such power of removal is not only required for the dignity and efficiency of the court, but a uniform condition for the exercise of the power of removal after an opportunity for explanation becomes a needed protection for the incumbent.

The final repealing clause (§ 120) does not mention this act of 1875, although it may be considered to come within the general reference to acts inconsistent or in conflict therewith. The

---

* See Consol. Laws, chap. 7 (Laws of 1909, chap. 15), § 22, as amd. by Laws of 1910, chap. 264.— [REP.

repealing clause did not take effect on the passage of the bill in June last,* but is declared not to go into effect until on and after September first. The relator, therefore, urges that the act of 1875, under which he was appointed, is still in force, or was not repealed in August at the time he applied for this writ.

In creating the new courts, the Legislature had power to determine the manner of appointment and the method of removal — so far as not in conflict with the civil service provisions of the Constitution† — and unquestionably the right to change the tenure of office of a court interpreter (*People ex rel. McCarthy* v. *French,* 10 Abb. N. C. 418), so that he should be given "an opportunity of making an explanation" instead of being subject to removal merely "for cause," as by the act of 1875. This change took effect on the passage of the act of 1910, so that when the relator was continued in office he became at once subject to the powers of removal then enacted. Here the point is as to the power of the board of city magistrates, not as to a possible conflict with the authority of some other body. The power to remove any court interpreter in their courts is clearly conferred. Even if the provisions, designed, by repealing inconsistent statutes, to harmonize the series of prior acts, have not fully taken effect and a conflict remains, the latest expression of the legislative will controls. (*Stack* v. *City of Brooklyn,* 150 N. Y. 335, 345.) The power to remove and to try the relator, and to hear and consider his explanation, if any, of the charges against him, was vested in the board of city magistrates of the second division at the time of the relator's application, and, therefore, the magistrates could not be prohibited from exercising their jurisdiction. The motion for writ of prohibition is denied.

* Became a law June 25, 1910.— [Rep.
† See Const. art. 5, § 9.— [Rep.