THE CITY OF ROCHESTER, Respondent, *v.* BONDED MUNICIPAL CORPORATION and Others, Defendants, Impleaded with INTER-COUNTY OPERATING CORPORATION, Appellant.

Fourth Department, March 8, 1939.

*A. Harvey Radden,* for the appellant.

*William H. Emerson, Corporation Counsel [Max Cohen, Deputy Corporation Counsel,* of counsel], for the respondent.

LEWIS, J. The defendant-appellant, Inter-County Operating Corporation, is the owner of a Monroe county tax lien certificate for an unpaid county tax levied in 1936 against real property in the city of Rochester. In the present action by the city to foreclose the lien of a city tax levied against the same property in 1933, the complaint contains essential allegations as to the incidence of the tax and its non-payment and, in addition to the foreclosure of the lien thereof which it demands shall be decreed to be prior to all other liens and claims of the defendant, it asks that all subordinate liens, including the lien of unpaid county taxes, be canceled and discharged. All defendants have defaulted except the present

appellant which, by its answer, raised the issue whether the lien of the city tax of 1933 is superior to the lien of the county tax of 1936. Thereafter, upon the city's application at Special Term for summary judgment, that issue became the single question for determination and was resolved favorably to the plaintiff.

Accordingly upon this appeal by the defendant corporation from the order granting summary judgment to the plaintiff, the only issue before us is the priority which exists in law between the lien of the 1933 Rochester city tax in foreclosure and the lien of the 1936 Monroe county tax certificate owned by the defendant-appellant.

In approaching the problem thus presented we are aware " that it is the settled policy of the law to insure the collection of all taxes and that the courts, wherever it is possible upon any theory to do so, will construe the statutes to accomplish that result." (*Pickell* v. *City of Utica*, 161 App. Div. 1, 2; affd., 216 N. Y. 740.) Where, however, as in the case at hand, the question is one of priority between the liens of taxes imposed by different municipalities, the legislative mandate, if any, which fixes such priority, must be ascertained and followed. " The source of all power to tax within the State, whether by the State, the city, the town or the county, is the Legislature." (*City of Rochester* v. *Kapell*, 86 App. Div. 224, 225; affd., 177 N. Y. 533.)

The appellant contends that when it purchased its 1936 county tax certificate the legal rights with which it endowed its owner were fixed by Laws of 1884, chapter 107, as affected by Laws of 1936, chapter 454, sections 2 and 6. In so far as these two sections granted priorities to county tax liens, section 2 provided that the lien acquired by the owner of any county tax sale certificate was " superior to all other liens upon or charges against such lands, *except prior liens for taxes or assessments*." By the provisions of section 6 — upon which the appellant lays special stress — a purchaser at a tax foreclosure sale becomes the absolute owner of the rights and interests of all parties to the action and those claiming under them subsequent to the filing of the notice of pendency, " free and clear of all liens and encumbrances including the liens of all taxes, assessments and water rates that have been levied and have become liens prior to the entry of the judgment in said tax foreclosure action."

From the provisions of the statute last quoted above, the appellant argues that the Legislature intended to free the premises involved from the claims of all taxing bodies. We cannot agree

with that argument which, as we view it, disregards the statutory definition of the lien which the law gives to the owner of a county tax sale certificate — to be found in Laws of 1936, chapter 454, section 2, quoted above — which expressly excepts all " prior liens for taxes or assessments." When applied to the present case it is clear that the " prior liens for taxes or assessments," which the statute excepts, include the prior lien of the city tax of 1933 which is the subject of the present foreclosure action. It is also to be noted that under the provisions of Laws of 1884, chapter 107, section 9, the title to unredeemed real estate which the statute gives to a purchaser at a Monroe county tax sale is " an absolute estate in fee," which is " subject, however, to all the claims which the People of this State may have thereon for taxes or other liens or incumbrances." This limitation, which excepts claims of " the People of this State " for taxes, has been held to include a claim for a city tax levied by the plaintiff, the city of Rochester. (*City of Rochester* v. *Kapell, supra,* pp. 225, 226.)

Still confining our examination of statutes to those which deal with liens for unpaid Monroe county taxes, and as bearing upon the question of legislative policy in that regard, it is worthy of note that when in 1938 the Legislature enacted a statute which it designated as the " Monroe County Tax Foreclosure Act " (Laws of 1938, chap. 440), it provided by section 2 of that chapter that the owner of any certificate of sale of lands in Monroe county sold for county taxes, shall have a lien which, when held by the county of Monroe, shall be superior and prior in law to all other tax liens and liens of certificates of sale " *excepting liens for unpaid city taxes and assessments held by the city of Rochester.*" A similar exception appears in section 3 of the same chapter, which fixes the priority between Monroe county taxes levied on different dates. After establishing such precedence the statute gives priority in law to county taxes due the county of Monroe over all other tax liens and liens of certificates of sale —" *excepting liens for unpaid city taxes and assessments held by the city of Rochester.*"

Passing to statutes which deal with the liens of Rochester city taxes, we find that when the Legislature enacted the Rochester City Charter it provided (Laws of 1907, chap. 755, § 199, now Municipal Code of Rochester, § 270) that all annual taxes levied by the city " shall be a lien on the property assessed *prior and superior to all other liens and encumbrances.*"

From the legislative intent which we find expressed in the statutes to which we have referred, we conclude that the lien of the unpaid Rochester city tax of 1933, which is the subject of foreclosure in this action, is superior in law to the lien of the unpaid 1936 Monroe county tax lien certificate owned by the defendant-appellant.

It follows that the order from which appeal is taken should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and TAYLOR, JJ.

Order affirmed, with ten dollars costs and disbursements.