Fred H. Krull, Respondent, *v.* The Bennett Homes and Lumber Co., Inc., and Others, Defendants, Impleaded with The City of North Tonawanda, Appellant, and County of Niagara, Respondent.

Fourth Department, November 10, 1939.

*Henry W. Schmidt,* for the appellant.

*George M. Donohue,* for the plaintiff, respondent.

*Robert L. Rice, Jr.,* for the respondent, County of Niagara.

Cunningham, J. The county of Niagara sold at a public sale parcels of land upon which the county taxes had not been paid. The plaintiff purchased at such sale three parcels of land situate in the city of North Tonawanda, and certificates of the sale thereof

were delivered to him. The sales were had pursuant to chapter 744 of the Laws of 1904, which act applies only to the county of Niagara. It is therein provided that the owner of a certificate at the end of two years from the date of such certificate shall cause to be served upon the occupant, if any, of the land described in such certificate a notice to redeem, and any person interested in such real estate is entitled to redeem the same within six months after the holder of the certificate has furnished the county treasurer with proper proof of the service of the notice. At the expiration of six months thereafter if the land is not redeemed, the county treasurer is directed to execute a conveyance of the real estate so sold " which shall vest in the grantee an absolute estate in fee."

The Niagara County Act was amended by chapter 665 of the Laws of 1936, effective May 31, 1936. One of the sections (19) added to the act provides that the owner of the certificate, instead of taking a conveyance, may maintain an action to foreclose the lien, such action to be commenced after the expiration of the period within which the lands might be redeemed. This amendatory act took effect immediately. It is claimed that this amendatory law should be construed as prospective only and as not applying to certificates of sale acquired previous to the time it became effective. However, if the statute applies only to future sales, an action of foreclosure may not be maintained under it until the expiration of two years and six months after the time such act by its terms becomes effective. This is so because an action may not be commenced until after the time allowed for redemption, which is two years and six months after proof of service of a notice to redeem is filed with the county treasurer.

A law providing an additional remedy for the enforcement of an obligation and prescribing the procedure therefor will be construed as retroactive. (Laird v. Carton, 196 N. Y. 169; Brearley School v. Ward, 201 id. 358; Kugel v. Telsey, 250 App. Div. 638, 639.)

Section 18, added to the Niagara County Act by the Laws of 1936, provides that the owner of a certificate of sale of lands sold by Niagara county shall have a lien " which shall be superior to all other liens upon or charges against such lands except prior liens under this section." Under the original Niagara County Act it was provided that the certificate of sale should entitle its holder to receive a conveyance from the county treasurer " which shall convey full and absolute title " (§ 8). Sections 18 and 19 of the Niagara County Act, added by the Laws of 1936, permit the holder of a tax certificate to obtain " full and absolute title " by means of a new procedure, that is, a foreclosure action.

The charter of the city of North Tonawanda (Laws of 1907, chap. 752) contains provisions for the assessment and collection of taxes. The city by a local law effective September 10, 1929 amended section 7 thereof relating to lien of taxes so as to provide that all taxes and assessments shall remain a lien " superior to all other liens, right, title or estate therein " from the time the assessment roll is filed with the city treasurer until such taxes or assessments are paid " and shall have priority over all other taxes in the inverse order of time in which they become liens."

By a local law effective January 16, 1933 section 13 of the charter was amended so as to provide that lands on which taxes or assessments remained unpaid should be sold by the city treasurer at public auction to the highest bidder. The city treasurer is required to issue a certificate of the sale to the purchaser. If not redeemed within two years the city treasurer is authorized to execute and deliver to the purchaser a conveyance of the real estate so sold, which conveyance shall vest in the grantee " an estate in fee, subject only to the liens, if any, of State and county taxes and liens in favor of the United States and of unpaid taxes or local improvement assessments thereon and which are a lien at the date of the execution of such conveyance."

The city of North Tonawanda by an ordinance adopted on the 23d day of January, 1933, elected that the " provisions of Article 7-A of the Tax Law should apply to sales of lands by such city for unpaid taxes."

The city of North Tonawanda holds certificates of sale on three parcels of land sought to be foreclosed herein, issued by the treasurer of such city on the 4th day of January, 1934, representing city and school taxes and paving assessments for the years 1930 to 1933, inclusive. Thereafter, the city of North Tonawanda paid the various city and school taxes and paving assessments on such premises levied subsequent to the purchase of city tax certificates as the same became due, up to the date of the filing of the *lis pendens* in this action.

The city of North Tonawanda claims priority under former section 162 of article 7-A of the Tax Law, added thereto by chapter 809 of the Laws of 1930, which reads as follows: " The owner of any certificate of sale of lands sold for taxes pursuant to this chapter, including the State or a county, shall have a lien on such lands for the amount of the purchase money paid, and all interest, penalties and other charges allowed by law, which shall be superior to all other liens upon or charges against such lands, except prior liens under this section," etc.

In determining which lien has priority, that of the taxes of Niagara county or that of the taxes and assessments of the city of North Tonawanda, we must examine the different statutes to ascertain which lien has been given preference by the Legislature. (*City of Rochester* v. *Bonded Municipal Corporation*, 256 App. Div. 462.)

The Niagara County Act is a special law and section 18, added thereto by chapter 665 of the Laws of 1936, was enacted at a later date than article 7-A of the Tax Law.

In this action the pertinent provisions of the special act must be given effect in preference to the similar provisions of the general Tax Law. (*Rogers* v. *Village of Port Chester*, 234 N. Y. 182, 187.) Of the two statutes the later act is controlling. (*Gwynne* v. *Board of Education*, 259 N. Y. 191, 197; *People ex rel. Conti* v. *Kempner*, 144 App. Div. 339.)

The city of North Tonawanda claims that section 18 of the Niagara County Act, added by chapter 665 of the Laws of 1936, is unconstitutional because it deprives the city of its vested rights. However, the rights of a municipality are subject to the mandate of the Legislature. (*People ex rel. Lucey* v. *Molloy*, 35 App. Div. 136; affd. on opinion below, 161 N. Y. 621; *Robertson* v. *Zimmermann*, 268 id. 52, 63, 64.)

Therefore, section 18 of the Niagara County Act and not section 162 of the general Tax Law must be applied in determining the question of priority raised in this action. It follows that the lien of the taxes of the county of Niagara is superior to the lien of the taxes and assessments of the city of North Tonawanda.

The judgment should be affirmed, with costs.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Judgment affirmed, with costs.