MAX M. OPPENHEIM REALTY COMPANY, INC., Plaintiff, *v.* CITY OF NIAGARA FALLS, COUNTY OF NIAGARA, BOARD OF EDUCATION OF THE CITY OF NIAGARA FALLS, NEW YORK, and Others, Defendants.

Supreme Court, Niagara County, January 5, 1942.

*Hovey & Kushner,* for the plaintiff.

*Clarence W. Greenwald [Jack W. Hackett* of counsel], for the City of Niagara Falls and the Board of Education of said city.

*Robert L. Rice, Jr.,* for the County of Niagara.

GOLD, J.   This is an action brought under chapter 665 of the Laws of 1936 to foreclose certain county certificates now held by the plaintiff on fourteen separate parcels of land in the city of Niagara Falls, N. Y.

When issue was joined, the court referred this matter to a referee to determine, among other things, the validity and priority of the respective liens of the various defendants.

Upon the hearing before the referee, the city of Niagara Falls and board of education, through its counsel, made the following request: " I ask the referee to find that as to all taxes which became liens subsequent to the 1st day of January, 1941, the County is to enjoy no preference over the City or the Board of Education, but that the City, County and School taxes are to be paid in the inverse order of the time when they became liens."

The county of Niagara, through its counsel, made the following request: " I ask the referee to find that as to all taxes which are liens on said property that the County enjoy preference over the City and the Board of Education by virtue of the ruling set forth in the case of *Krull* v. *Bennett Homes & Lumber Company.*"

In the case of *Krull* v. *Bennett Homes & Lumber Co., Inc.,* the Appellate Division, Fourth Department, affirmed the decision of this court (258 App. Div. 10) and was later affirmed by the Court of Appeals (284 N. Y. 645).   The Fourth Department rendered its decision on November 10, 1939, and the Court of Appeals rendered its decision on November 13, 1940.

In the interim between said dates the Legislature passed chapter 303 of the Laws of 1940, which became a law April 8, 1940, and which added to the Tax Law article IV-B (§§ 98–99-b).

Section 99 of the Tax Law provides as follows:

" § 99.   Priority of tax liens.   All tax liens of all tax districts which become liens against the same parcel of property in the same calendar year shall be superior to all tax liens against such parcel which became liens in any preceding year, except that where any general, special or local law provides that a tax district which holds and owns a lien for taxes imposed by it, has different rights of priority than other holders or owners of such tax liens, such tax liens of such tax district shall rank in priority as may be provided by such laws."

Section 99-a provides as follows:

" § 99-a. Parity of tax liens within calendar year. All tax liens of all tax districts which become liens against the same parcel of property in the same calendar year shall rank on a parity, except that where any general, special or local law provides that a tax district which holds and owns a lien for taxes imposed by it, has different rights of priority or parity than other holders or owners of such tax liens, such tax liens of such tax district shall rank in priority as may be provided by such laws."

Section 2 of chapter 303 of the Laws of 1940 provides as follows:

" 2. This act shall take effect immediately, and shall apply to all tax liens levied or assessed on or after January first, nineteen hundred forty-one, notwithstanding the provisions of any general, special or local law to the contrary, except that it shall not be deemed to apply to or affect the priority or parity of any tax liens levied or assessed prior to January first, nineteen hundred forty-one, either as between themselves or with relation to any tax liens levied and assessed after January first, nineteen hundred forty-one."

All taxes which became liens subsequent to the 1st day of January, 1941, with respect to the city of Niagara Falls, the county of Niagara and the board of education rank on a parity, and there is no preference under the statute.

Those taxes which became liens in the year 1941 shall be superior to any taxes which became liens in any prior year.

The referee filed a report in this action, dated December 8, 1941, in which he found that all taxes due the county of Niagara, and which became a lien subsequent to January 1, 1941, have priority over taxes due the city of Niagara Falls and taxes due the board of education which became liens subsequent to January 1, 1941. His said finding is, in that respect, set aside.

The report of the referee should be modified to conform herewith and judgment entered accordingly.