Sol Wachtler, J.
In this action plaintiffs seek a temporary injunction to restrain defendants from entering into a lease between the Town of Hempstead, as landlord, and the Board of Cooperative Educational Services (hereinafter referred to as BOCES) as tenant, covering 16 acres of vacant land. Plaintiffs *727 also seek to enjoin defendant BOOBS from using or improving the land by the building of a school facility.
The action in chief is a taxpayers’ suit brought pursuant to section 51 of the General Municipal Law. BOOBS has moved for an order dismissing the complaint pursuant to CPLR 3211 (subd. [a]) on the ground that the complaint fails to state a cause of action. In addition, both the Town of Hempstead and BOOBS oppose the motion for a temporary injunction on the ground, among others, that the actions sought to be enjoined are merely contemplated.
BOOBS was established in Nassau County pursuant to section 1958 of the Education Law for the purpose of providing local school districts with those educational programs and services which the individual school districts could not, for various reasons, conduct on their own. Included among the programs and services provided by BOOBS to all 56 school districts within the county is one which includes special education for emotionally disturbed children. At this time BOOBS finds itself unable to adequately perform this function. Its present facility at the Greentree School is in such poor condition as to have been disapproved by the New York State Department of Education. The result of this action by the department has been to deprive BOOBS of State aid reimbursement for the rental of the building presently in use.
After carefully considering several alternatives BOOBS concluded that the only possibility which could result in an adequate school building would require leasing property from the Town of Hempstead. Since it was recognized that the town could not lease park or park district property to BOOBS without legislative authority, it sought and obtained such authority when the State Legislature enacted section 3 of chapter 798 of the Laws of 1970 which reads as follows: “ In conformity with the provisions of subdivision two of section 1-0804 of the conservation law, the town of Hempstead, Nassau county is hereby authorized to enter into a leasing agreement or agreements with the board of cooperative educational services having jurisdiction in the town of Hempstead and such board of cooperative educational services is hereby authorized to enter into a leasing agreement or agreements with the town of Hempstead, leasing any property acquired by the town of Hemp-stead or the town of Hempstead park district for park purposes pursuant to the provisions of article one of the conservation law, or any part thereof, when no longer needed *728 or useful for park purposes upon such terms and conditions as said town and the board of cooperative educational services may determine to be fair and equitable.”
After the enactment of this legislation and - after a study made by the town through its planners and recreation department, it advised BOCES that there were approximately 16 acres of land in the Baldwin Park which the town would be willing to lease. The park consists of a total of 147 acres and was obtained by the town under title VIII of article 1 of the Conservation Law. Thereafter the town adopted a resolution which states a finding by the Town Board that the 16 acres were not useful for park purposes, and which authorized the Presiding Supervisor to negotiate a lease with BOCES covering the property “ subject to the approval of the Town Board of the final terms of the lease and upon terms and conditions mutually agreeable to the Town of Hempstead and BOCES ”. At the present time no such lease has been negotiated.
It is the contention of the plaintiffs that the Town Board of the Town of Hempstead does not have the right to make the determination, without a public hearing, that the parcel of- land to be leased to BOCES is “ no longer needed or useful for park purposes ”. It is their contention that since section 3 of chapter 798 of the Laws of 1970 does not specify who is to make the determination that these lands are ‘1 no longer needed or useful for park purposes ”, it is for the courts rather than the Town Board to make such a determination.
It is BOCES’ contention that this determination was properly made by the Town Board. Public officials have always been responsible to their constituency for the proper performance of the duties which they assume with their public office. There is no question but that the legislative body of a municipality can determine whether or not a parcel of land within its jurisdiction was needed or useful for park purposes. Such a determination was made by the Town of Hempstead in relation to the property in question.
Of course, taxpayers are entitled to challenge an act of a Town Board through section 51 of the General Municipal Law; however, the only way in which this attack can be successful is for these taxpayers to prove that the acts complained of are fraudulent or that there is a total lack of power in the Town Board under the law to take the contemplated action. To do otherwise would be to give the court the right to substitute its judgment for that of the municipal officials when there are questions of administrative discretion involved. (Kaskel v. *729 Impellitteri, 306 N. Y. 73; Hanrahan v. Corrou, 170 Misc. 922.) In the absence of corruption, fraud, or illegality, the court will not restrain municipal officials from performing their duty. As was said by the Court of Appeals, in the case of Kaskel v. Impellitteri (supra, p. 80): “if there were to be a trial here and the courts below should decide in favor of plaintiff, there would be effected a transfer of power from the appropriate public officials to the courts ”.
It is also well settled that the town need not have a public hearing prior to maldng a determination with respect to the prospective use of the land. (Matter of Brent v. Hoch, 25 Misc 2d 1062.)
The plaintiffs’ contention with respect to the necessity of a referendum to authorize the lease is likewise specious. Section 3 of chapter 798 clearly gives the town the right to lease the property acquired by it for “ park purposes pursuant to provisions of article one of the conversation law, or any part thereof ” to BOCES. It is true that section 1-0804 of the Conservation Law provides that park lands acquired by a municipality pursuant to provisions of that law shall not be disposed of or used for purposes other than a park, ‘ ‘ without the express authority of an act of the Legislature ”. Section 3 of chapter 798 complies with that requirement and grants through legislative enactment just such express authority. By the same token section 3 of chapter 798 which authorizes the town to enter into a lease with BOCES supplants any general restrictions contained in the Education Law which call for voter approval. (McKinney’s Cons. Laws of N. Y., Statutes, § 397.)
Although this decision is based on the applicable law, the court is not unmindful of the arguments presented by counsel relative to the equities involved in this case.
BOCES is concerned with an obligation to educate emotionally disturbed children and its presently overcrowded and substandard facility. The aggrieved taxpayers are concerned with the overcrowding of their streets and with the preservation of their park land. In the court’s opinion the preservation of a human resource should take priority and accordingly if this case were to be decided on these arguments, as a matter of equity BOCES would still prevail.
The motion by the defendant BOCES to dismiss the complaint is granted and the motion for temporary injunction is thereby rendered academic.