BOARD OF COOPERATIVE EDUCATIONAL SERVICES, SOLE SUPERVISORY DISTRICT, NASSAU COUNTY, Respondent, v. DAVID GOLDIN et al., Individually and as Representatives of a Class the Members of which are known as " Baldwin Citizens Action Committee ", Appellants, et al., Defendants.

Second Department, February 14, 1972.

*Conroy, Giorgio, de Poto & Merritt (William Merritt* of counsel), for appellants.

*Seymour H. Kligler* and *David R. Kay* for respondent.

SHAPIRO, J. The plaintiff in this action for a declaratory judgment, the Board of Cooperative Educational Services of Nassau County (hereinafter called BOCES), is a board of education established in 1967 by the Commissioner of Education pursuant to section 1958 of the Education Law. BOCES' respon-

sibilities include the providing of special services for emotionally disturbed children.

BOCES operates a school for emotionally disturbed children, known as the Greentree School, in Hicksville. The school is housed in a former warehouse building which is totally inadequate for the needs of the children. As the result of the need for a new school, the Legislature enacted chapter 798 of the Laws of 1970 upon a home rule request by the defendant Town of Hempstead (hereinafter called the Town). That law gave the Town authority to lease park land to BOCES, with or without consideration, when such land was no longer needed for park purposes.

Pursuant to that authority the Town, on October 8, 1970, leased approximately 16 acres of land in Baldwin Harbor Park to BOCES for a period of five years with an option to BOCES to renew for three successive five-year terms. The lease recites that BOCES intends to contract to lease a temporary pre-engineered building to be erected by a lessor (unnamed in the lease) which is to be used and occupied by BOCES as a school for emotionally disturbed children.

The individual defendants in this case, prior to the execution of the lease between the Town and BOCES, brought a taxpayers' action to enjoin the making of that lease on the ground that before the lease could be executed a preliminary determination was required that the land in question was no longer needed for park purposes and that such determination could only be made by the courts. The complaint was dismissed (*Goldin* v. *Town of Hempstead,* 63 Misc 2d 726, affd. 35 A D 2d 1084).

On July 6, 1971 the Legislature enacted chapter 1183 of the Laws of 1971, which provides that BOCES " shall have the power to lease for a period not to exceed ten years a building to be constructed at Baldwin Harbor town park, town of Hempstead for the purpose of providing educational services for emotionally disturbed children."

On September 17, 1971 an order was made at Special Term in Nassau County, in a special proceeding, authorizing the construction of a pre-engineered school building by the defendant Association to Aid Emotionally Disturbed Children, Inc. (hereinafter called Assn.), a not-for-profit corporation, on the land leased to BOCES by the Town. The order was consented to by the Attorney-General. It provides that Assn. is given permission to engage a general contractor to construct the building at a cost of between $6,000,000 and $7,000,000; borrow money

to finance the construction secured by a purchase-money mortgage on the building; lease the building to BOCES for 10 years, the rent payments to be equal in amount to those needed to liquidate the purchase-money loan, with an option to BOCES to extend the lease for another 10-year period at a rental to be agreed upon, with arbitration procedures outlined in the event of failure of agreement.

On October 4, 1971 Assn., as lessor, entered into an agreement with BOCES, as lessee, for the construction of the school building by Assn. and the leasing of the building to BOCES for the use of educating emotionally disturbed children. The Town's Presiding Supervisor, upon authorization by the Town Board, approved the lease.

On October 29, 1971 Assn. entered into an agreement with the defendant Marcus Associates, Inc. (hereinafter called Marcus) in which Marcus agreed to construct the building for Assn. and to sell it to the latter for $6,182,000.

The complaint alleges that the individual defendants reside in the vicinity of Baldwin Harbor Park and have constituted themselves the Baldwin Citizens Action Committee in order to institute an action to delay and prevent the construction of the building; that they have solicited and collected money for such purpose; and that on September 29, 1971 one of their attorneys wrote BOCES requesting a copy of the contract with the builder " in order to expedite the legal proceedings in this matter " and to enable the " citizens group " to commence an action quickly, " thereby eliminating the necessity for too long a delay in getting a final determination from the courts concerning the lease with the Town of Hempstead and the contract with the builder."

The complaint further alleges that Marcus is unwilling to proceed with construction of the building while litigation is threatened; that there is a need for an immediate determination since the Town has the right to terminate its lease with BOCES if the school is not completed by September, 1972; and that Marcus has the right to terminate its agreement with Assn. if the litigation is not concluded by March 15, 1972. Hence, BOCES alleges irreparable injury and seeks a declaration that the leases between it and the Town, and it and Assn., and the agreement between Assn. and Marcus are valid and binding and that the individual defendants have no rights as against BOCES, the Town, Assn. or Marcus to interfere with or obstruct the construction. It also seeks an injunction permanently enjoining the individual defendants from bringing further actions or proceedings against BOCES, the Town, Assn. and Marcus in con-

nection with the construction of the building. BOCES has named Town, Assn. and Marcus as defendants in this action although none of them have taken a position antagonistic to it.

At Special Term the motion of the individual defendants to dismiss the complaint on the grounds that it fails to state a cause of action for a declaratory judgment and that the court lacks jurisdiction of the subject matter was denied and the cross motion of BOCES for partial summary judgment, seeking a declaration of the validity of the agreements above mentioned, was granted. We hold that Special Term correctly disposed of the motions.

The threshold question here is whether, as between the individual defendants and BOCES, there is a justiciable controversy (CPLR 3001). The individual defendants argue that BOCES is not in privity with Marcus, that the contract between Assn. and Marcus is not a third-party beneficiary contract, that BOCES has commenced this lawsuit for Marcus at Marcus' request and that BOCES is really seeking an advisory opinion for the benefit of Assn. and Marcus.

In the leading case of *James* v. *Alderton Dock Yards* (256 N. Y. 298, 305) the court commented: "The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The discretion must be exercised judicially and with care. (*Westchester Mortgage Co.* v. *Grand Rapids & I. R. R. Co.*, 246 N. Y. 194.) It is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action. The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations. (*Brownell* v. *Board of Education*, 239 N. Y. 369; *Sartorious* v. *Cohen*, 249 N. Y. 31.) No limitation has been placed or attempted to be placed upon its use, and yet this main purpose underlies the exercise of discretion. (See 'The Declaratory Judgment,' by Prof. Edwin M. Borchard, 28 Yale Law Journal, 105; *Braman* v. *Babcock*, 98 Conn. 549, 553.) Where there is no necessity for resorting to the declaratory judgment it should not be employed."

In *Krieger* v. *Krieger* (25 N Y 2d 364, 366) this proposition was stated as follows: "The function of the declaratory judgment has commonly been understood by the profession to be to determine justiciable controversies between parties which either are not yet ripe for adjudication by conventional forms of remedy, or which, for other reasons, are not conveniently

amenable to the usual remedies. Underlying the policy which sanctions the use of the action is the concept that it will serve some useful purpose to the parties, e.g., to settle controversy and discourage potential litigation.''

I believe that BOCES is entitled to a judicial declaration of its rights, for it is truly the real party in interest in the contro-·versy ʼbetween the parties. The school is being erected on its behalf on property leased to it; and the fear that the building may not be constructed because of the threat of litigation directly and properly concerns it. This, therefore, is a classic case in which conventional actions do not provide an effective remedy and in which a declaratory judgment will serve the useful purpose of settling an existing controversy and discouraging potential litigation.

There is a gray area of the law with regard to the difference between a request to adjudicate an abstract question or render an advisory opinion and the disposition of a justiciable controversy (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.03). The component elements of such a controversy are a legally protected interest and a present controversy. This case presents just such a situation, because BOCES clearly has a matured protectible interest and is not merely seeking advice·ʼ for or on behalf of Assn. or Marcus. The fundamental right of BOCES to occupy and use the building on behalf of emotionally disturbed children is at stake and BOCES' rights in its leases with the Town and Assn. may well be lost if the issues raised in this action are not promptly adjudicated.

A real and present controversy is involved when defendants are in a position to place the plaintiff's right in jeopardy (*De Veau* v. *Braisted,* 5 A D 2d 603, 606, affd. 5 N Y 2d 236, affd. 363 U. S. 144). Such is clearly the case here. By openly proclaiming their intention to commence suit to prevent the construction of the building, the individual defendants have placed BOCES' rights in jeopardy in the most effective way possible, for if the promised litigation is not resolved the builder will not build, the ʼbank will not lend and the Town will have the right to cancel its lease with BOCES. We therefore hold that this action for a declaratory judgment is properly maintainʼable.

The individual defendants contend that irrespective of BOCES' right to maintain this action for a declaratory judgment Special Term erred in granting partial summary judgment based upon its finding that the agreements between the parties were in all respects valid. The gravamen of their argument is that Assn. is in effect a '' front '' for BOCES, which

has utilized Assn. to purchase a building without a vote authorizing such purchase and which has let multi-million dollar contracts without public bidding. Sections 1958 (subd. 4, par. t) and 1959 (subd. 2, par. a) of the Education Law require approval by the voters of BOCES (all residents within the Board who are citizens of the United States and 21 years of age) for the purchase of buildings. Section 103 of the General Municipal Law requires that contracts for public work involving expenditures of the amounts here involved are to be awarded to the lowest responsible bidder after advertising for sealed bids (cf. *Ofenloch* v. *Gaynor,* 66 Misc 2d 185, 187, affd. 35 A D 2d 913). However, those general statutes must give way to the special statute passed by the Legislature in 1971 (L. 1971, ch. 1183). That statute, as above noted, expressly gave BOCES '' the power to lease for a period not to exceed ten years a building to be constructed at Baldwin Harbor town park, town of Hempstead for the purpose of providing educational services for emotionally disturbed children.''

A special statute which conflicts with a general statute covering the same subject matter controls the case and the general statute is repealed insofar as the special act is applicable (*Rogers* v. *Village of Port Chester,* 234 N. Y. 182, 187; *Krull* v. *Bennett Homes & Lbr. Co.,* 258 App. Div. 10, 13, affd. 284 N. Y. 645). This special 1971 statute, when read together with the 1970 statute authorizing the lease to BOCES of the land in question, is tantamount to specific legislative authorization for the agreements entered into by BOCES and the agreement between Assn. and Marcus. By in effect declaring BOCES' arrangements with Assn. a lease, the Legislature has exempted those arrangements from the above-mentioned provisions of the Education Law and the General Municipal Law.

The contention that, because section 1958 (subd. 4, par. p) of the Education Law gave BOCES the power to rent buildings for a period of up to five years, chapter 1183 of the Laws of 1971 did no more than extend that power to 10 years and did not amount to legislative approval of these leases lacks conviction and must be denied acceptance. That section and chapter 798 of the Laws of 1970, when considered together, spell out clear legislative approval of the salutary and beneficial purposes of the arrangements entered into by BOCES.

It was conceded by the appellants that the fact that they have not yet interposed an answer to the plaintiff's complaint should not be deemed a ground for denying the plaintiff's cross motion if the cross motion were otherwise entitled to be granted.

274

Special Term, in any event, was empowered to grant the cross motion for partial summary judgment pursuant to subdivision (c) of CPLR 3211 (*Kronish, Lieb* v. *John J. Reynolds, Inc.,* 33 A D 2d 366; *Mareno* v. *Kibbe,* 32 A D 2d 825).

Accordingly, and for the reasons stated, the judgment should be affirmed insofar as appealed from, without costs.

MUNDER, Acting P. J., MARTUSCELLO and CHRIST, JJ., concur.

Judgment of the Supreme Court, Nassau County, entered December 29, 1971, affirmed insofar as appealed from, without costs.