Richard M. Rosenbaum, J.
Petitioner by this article 78 proceeding attacks the constitutionality of the statute providing for the Monroe County Planning Council, sections 239-1 and 239-m of the General Municipal Law, as it has been applied to petitioner. The facts are stipulated.
Petitioner, an automobile dealership, originally applied to the Town of Greece Zoning Board of Appeals for approval of nine business signs to be placed on its premises located on the south side of Ridge Road West. The square footage requested for all the signs totaled 690 square feet while the ordinance permits a total of 65 square fee);. The matter was adjourned *56 pending receipt of a decision from the Monroe County Planning Council which took jurisdiction of the application pursuant to section 239-m of the General Municipal Law, since the subject property lies within 500 feet of a State highway. The Monroe County Planning Council thereafter disapproved the various applications.
The Town of Greece Zoning Board of Appeals, in order to approve the applications over an adverse decision of the Monroe County Planning Council, must have the affirmative vote of a majority plus one of the zoning board members. (General Municipal Law, § 239-m.) The required vote was obtained with respect to all but two of the signs, for which the vote of the six-member board was four to two in the affirmative. It is the denial with regard to the request for a free-standing sign which is the subject of this proceeding. There is no dispute that the square footage of the sign applied for is several times larger than that permitted under the ordinance.
Petitioner’s main argument is that section 239-m of the General Municipal Law which created the Monroe County Planning Council is unconstitutional in that it is too vague, fails to set proper standards or criteria for a zoning board to act, and fails to provide for notice of public hearings to interested parties. The petitioner fails to cite any legal authority for this position. In seemingly the only case which has made reference to the constitutionality of this legislation, the Court of Appeals cited section 239-m of the General Municipal Law in a lengthy list of statutes changing the common-law rule as to the number of votes needed to approve matters. The court noted that in these instances the changes were made to correct decisions rendered through imprudence of local legislators. ‘1 This indicates widespread change in policy from the common-law rule and bespeaks an accumulated experience at variance with the contention of appellants that such a requirement would disrupt local legislative action by illness or some other kind of enforced absence of members. The prevailing constitutional and legislative policy is that this is less to be feared than the fortuitousness or irresponsibility of legislative action taken at meetings which are not truly representative of the electorate.” (Savatgy v. City of Kingston, 20 N Y 2d 258, 262.)
The court feels that petitioner has confused the role of the Monroe County Planning Council. It is merely an advisory board but since its decisions affect matters of county-wide importance rather than merely local importance, the law in an effort to co-ordinate and improve county-wide planning has *57 changed the common-law voting rule in order to make it more difficult for a municipality to disregard the recommendations of the Planning Council and ultimately the broader county electorate. Petitioner has not been deprived of any of his constitutional procedural safeguards. Petitioner has been afforded a proper hearing with due notice and an opportunity to present all of its evidence to the local zoning board. Applicants who have matters involving county-wide considerations should anticipate that the citizens of the county through its duly authorized and existing representatives may have an adverse opinion as to the merits of the application and that therefore a greater number of the members of the local decision-making body will have to be persuaded as to the need and desirability of approval of the matter.
Petitioner’s contention that no proper standards or criteria have been set up is utterly refuted by section 239-1 of the General Municipal Law, which lists no less than nine considerations to be used by the Planning Council in its deliberations.
It is noteworthy that the Monroe County Planning Council was initially cited as a model for most of the regional planning boards in the State of New York. (See The Zoning Referral Procedure — An Evaluation after Three Years, 15 Syracuse L. Rev. 522, 525.)
Petitioner’s further contention that its application was merely one for a special permit and not a variance has no relevancy, since section 239-m of the General Municipal Law specifically covers applications for special permits.
Petitioner makes several other arguments, none of which are supported by legal authority, and which the court rejects without further comment.
The petition is denied and dismissed in accordance with the above decision.