W. Vincent Grady, J.
A novel issue of law is presented on this motion to dismiss an article 78 proceeding challenging the inadequacy of the 4 to 0 vote by the respondent City of Poughkeepsie Planning Board in approving on October 24, 1972 the application for a special permit by respondent Irving Zaretsky of two 10-story buildings on Academy Street and South Road in the City of Poughkeepsie to be known as “ Academy Parc ”. The issue, simply stated, is whether the Commissioner df the Dutchess County Department of Planning, as an individual, has the power and authority of a county planning agency to advise a city planning board.
The undisputed facts are as follows: respondent Zaretsky applied to the City of Poughkeepsie Planning Board for a special permit to increase the additional height from 6 to 10-stories of two proposed buildings on Academy Street and South Road in the City of Poughkeepsie to be known as “ Academy Parc ”. The City of Poughkeepsie Planning Board, by determination dated October 24, 1972, approved respondent Zaretsky’s request by a vote of 4 to 0. On the date of the planning board’s determination, there were seven members of the City of Poughkeepsie Planning Board, and a majority would require 4 plus 1. Prior to said vote, and on or about September 20, 1972, a site plan comprising the proposal of the developer Zaretsky was delivered to the office of Henry Heissenbuttel, Commissioner of Planning of Dutchess County. By report dated October 24, 1972, Henry Heissenbuttel, Commissioner of the Dutchess County Department of Planning, made the following recommendation. “ Based on the above factors the Dutchess County Department of Planning feels the proposed permit allowing the construction of ten-story buildings is ill-advised and recommends disapproval of the special permit.”
Mr. Justice John P. Donohoe, by order dated April 9, 1973, disposed of respondent City of Poughkeepsie Planning Board’s motion — to dismiss the petition in this proceeding on the ground that the petition fails to state facts sufficient to entitle petitioner to the relief sought in that it shows no facts that the recommendation of the Dutchess County Planning Board was received by the City of Poughkeepsie Planning Board in a timely manner pursuant to section 239-m of the General Municipal Law, nor does it show that any extension of the statutory period of section 239-m was agreed upon by persons authorized to do so, *595 and that it fails to state facts sufficient to entitle petitioner to the relief sought in the petition — by referral to a Special Term of this court to be held in March, 1973 to determine whether there was an agreement between the Dutchess County Planning Department and the Poughkeepsie Planning Board to extend the time for delivery of the report, and if there was, whether the report was delivered pursuant to such agreement. No hearing has yet been held in connection with the order of Mr. Justice Donohoe.
Petitioners, who are the owners and occupants of real property adjacent to the ‘ ‘ Academy Parc” premises, commenced this article 78 proceeding by 'order to show cause dated October 31, 1972, containing a temporary restraining order staying respondents, the Building Inspector of the City of Poughkeepsie and the Poughkeepsie Planning Board, from enforcing the decision and determination of October 24,1972, made by the respondent board until after the hearing and determination of the petition. A further motion to enjoin the issuance of a special permit was granted by decision of Mr. Justice Joseph P. Hawkins dated January 31,1973, and the temporary restraining order continues to the present date.
The motion now before the court is brought by respondent Zaretsky who was granted leave to intervene in this article 78 proceeding by decision and order of Mr. Justice Hawkins dated July 19, 1973. It is respondent Zaretsky who has raised the novel question referred to at the inception of this opinion. The respondents, Van Bouwendaal and the City of Poughkeepsie Planning Board, join in the grounds urged by the respondent Zaretsky to dismiss the petition. All of the parties agree that section 239-m of the General Municipal Law is applicable to respondent Zaretsky’s application for a special permit. The section provides in substance that in any city which is located in a county which has a county planning board or other agency referred to as a county planning agency, each municipal body which has jurisdiction to issue special permits shall before taking final action refer the same to such county planning agency. ‘ ‘ Within thirty days after receipt of a full statement of such referred matter, the county * * * planning agency to which referral is made, or an authorized agent of said agency, shall report its recommendations thereon to the referring municipal agency, accompanied by a full statement of the reasons for such recommendations * * * If such planning agency disapproves the proposal or recommends modification thereof, the municipal agency having jurisdiction shall not act contrary to *596 such disapproval or recommendation except by a vote of a majority plus one of all the members thereof and after the adoption of a resolution fully setting forth the reasons for such contrary action.”
The only recommendation before the respondent planning board in this case was the negative recommendation and report of Commissioner Heissenbuttel of the Dutchess County Planning Department. Deponent Zaretsky contends that this report is not a disapproval by a “ county planning agency ” within the meaning of sections 239-1 and 239-m of the General Municipal Law.
The Dutchess County Planning Department derives its legislative power and authority from two sources: article 12-B of the General Municipal Law which provides for the establishment of metropolitan regional or county planning board, and subdivision 2 of section 33 of the Municipal Home Buie Law and the Dutchess County Charter (Local Laws, 1967, No. 3 of Dutchess County, § 8.02). Section 239-b of the General Municipal Law, which is contained in article 12-B, provides as follows: “ The board of supervisors of any county * * * may establish a * * * county planning board to consist of representatives of such county # * # The county engineer or superintendent of highways or district superintendent * * * shall be a member ex-officio of any such * * * county planning board, and in a county which has established the office of comptroller, or commissioner of finance, such official shall also be a member ex-officio of such * * * county planning board.”
Subdivision 2 of section 33 of the Municipal Home Buie Law provides in part that ‘ ‘ A county charter shall set forth the structure of the county government and the manner in which it is to function. Such charter may provide for the appointment of any county officers or their selection by any method of nomination and election, provided that there shall be an elective board of supervisors, the members of which shall be deemed county officers, which shall determine county policies and exercise such other functions as may be assigned to it.”
On April 17, 1967, the Dutchess County Charter created a Department of Planning. Section 8.02 of the charter provides: “ The commissioner of planning shall be the chief administrative officer of the department. Except as may otherwise be provided in this charter, he shall have all the powers and perform all the duties conferred or imposed by law upon a county commissioner of planning or a county planning board, and shall per *597 form such other and related duties required by the county executive or board of representatives. ’ ’
In construing and interpreting the above sections of law, the court will be guided by the rules of construction and interpretation set forth in McKinney’s Cons. Laws of N. Y., Statutes, Book 1, ch. 6. The primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature (Statutes, § 92). The legislative intent should be ascertained from the words and language used and the statutory language is generally, construed according to its natural and most obvious sense without resorting to an artificial or forced construction (Statutes, § 94). Respondent Zaretsky emphasizes that the use of the word “ representatives ” (plural) in section 239-b of the General Municipal Law requires a multimember county planning agency. However, the Municipal Home Rule Law which gave Dutchess County the power to adopt its County Charter to provide for a county planning agency, named in the charter as the Department of Planning, specifically provides that the County Charter may assign executive or administrative functions, powers and duties to an elective or appointive officer.
The court does not construe the above-cited sections of the General Municipal Law and the Municipal Home Rule Law and Dutchess County Charter as requiring more than one person to act as a “ county planning agency ’ ’. All parts of the statute must be harmonized with each other as well as with the general intent of the whole statute and the effect and meaning must, if possible, be given to the entire statute and every part and word thereof (Statutes, § 98).
Section 239-1 of the General Municipal Law refers to a county planning agency, as does section 239-m. Respondent Zaretsky claims that Dutchess County did not create a county planning agency pursuant to law and that Commissioner Heissenbuttel is not a “ county planning agency”. It is evident that if Commissioner Heissenbuttel had power and authority to make a negative recommendation in this matter, such power and authority would be derived from the Dutchess County Charter.
Subdivision 3 of section 35 of the Municipal Home Rule Law provides that the powers granted by the county charter shall be in addition to any other powers granted to counties by any other provision of general or special laws.
The Court of Appeals in Town of Smithtown v. Howell (31 N Y 2d 365) upheld the validity of a charter change. In that case, however, the charter change involved gave a veto power *598 over town zoning changes to a county-wide commission and required a referendum pursuant to subdivision 2 of section 33-a of the Municipal Home Buie Law. The SmitMown case thus involved a transfer of functions or duties of local governments and districts to each other. This matter presents no such transfer of functions or duties. Here, the County Charter did not transfer the function or duty as imposed by section 239-m of the General Municipal Law from the county to another city, town or village or district or other unit of government and did not abolish an office, department or agency, but merely delegated the powers and duties conferred by law upon a county planning board to the County Commissioner of Planning. Such a delegation of powers does not require a referendum pursuant to subdivision 2 of section 33-a of the Municipal Home Buie Law.
The opinion of Judge Bkeitel in Smithtown (supra, p. 375) indicates that the county may go beyond section 239-m of the General Municipal Law by providing in its charter for a different mode of review of zoning changes: “ Section 239-m of the General Municipal Law, last amended in 1969 (ch. 1068), provides for county commission review of zoning changes, but makes the review power conditional. To be sure, the section grants a power of zoning review to county government, but there is nothing to suggest that it is intended to be exclusive of any other mode of review, or that the county may not under other provisions of law obtain review powers of greater effect.”
Although the words “ county planning agency ” are not used in the Dutchess County Charter, the natural intent of section 8.02 of the charter is to provide for such an agency and the delegation of all of the duties imposed by law upon a county planning agency upon the County Commissioner of Planning does not conflict with the provisions of article 12-B of the General Municipal Law. The advisory function of the Commissioner of Planning is authorized by the Dutchess County Charter, and the Commissioner as an individual may exercise this advisory function.
McEvoy Dodge West Ridge v. Zoning Bd. of Appeals of Town of Greece (69 Misc 2d 55) upheld the constitutionality of sections 239-l and 239-m of the General Municipal Law and the Court of Appeals observed that the purpose of the advisory act of the county planning agency was to change the common-law rule as to the number of votes needed to approve various matters.
This court finds nothing in article 12-B of the General Municipal Law mandating that a multimember county planning agency make a recommendation in regard to an application for a special *599 permit. Commissioner Heissenbuttel has only a limited advisory power and the County Charter does not give him any greater power (cf. Matter of We’re Assoc. Co. v. Bear, 35 A D 2d 846).
Since it is the court’s opinion that the Commissioner of Planning had the legal authority to recommend disapproval of the special permit requested by respondent Zaretsky, the respondent City Planning Board under section 239-m of the General Municipal Law was required to approve the special permit by a vote of a majority of the entire board plus one.
However, there still remain the factual issues set down for hearing by Mr. Justice Donohoe for determination as to whether there was an agreement between the Dutchess County Planning Board and Poughkeepsie Planning Board to extend the time for delivery of the report, and if there was, whether the report was delivered pursuant to such agreement and the issue as to whether the Poughkeepsie Planning Board’s decision was filed within the meaning of section 82 of the General City Law.
Mr. Justice Dempsey has ordered all issues of fact to be heard before this court at a date to be scheduled by the Calendar Clerk, and this matter is therefore referred to the Calendar Clerk to immediately set a date for a hearing of the remaining issues of fact. The temporary restraining' order is continued until this proceeding is disposed of on the merits.
Submit order on notice providing for service within five days after entry of a copy of the order with notice upon the Supreme Court Calendar Clerk.