Hon. Thomas J. Young County Attorney, Orleans County
This will acknowledge your letter, wherein you ask whether, in our opinion, County Law, § 214, subd 2, requires the publication of a complete text of each local law or whether the County may publish an abstract or synopsis of any local law enacted. You further ask whether a member of the Orleans County Planning Board who is not paid for his services through the County is prohibited by Article 18 of the General Municipal Law from entering into a contract with the County for the disposition of solid waste material in a landfill, and what effect his appointment has on the existing contract between himself and the County.
County Law, § 214 (2), provides in relevant part:
 "2. Local laws and notices. The board of supervisors shall annually designate at least two newspapers published within the county as official newspapers for the publication of all local laws, notices and other matters required by law to be published. * * * Except as otherwise provided by law, the clerk of the board shall cause a true copy of each local law to be published in such official newspapers at least once a week for two successive weeks, the first publication of which shall be had within ten days after such local law has become effective; provided, however, that any local law which is subject to a permissive referendum shall be published in such official newspapers at least once a week for two successive weeks, the first publication of which shall be had within ten days after such local law is adopted. * * *" (Emphasis supplied.)
There is no authority in said section for the publication of less than the complete text of each local law, since a "true copy" is specifically required. We note that this requirement long predated the present County Law, § 214 (2).
With respect to your second inquiry, concerning the member of the County Planning Board, General Municipal Law, § 801, provides in part:
 "Conflicts of interest prohibited. Except as provided in section eight hundred two of this chapter, (1) no municipal officer or employee shall have an interest in any contract with the municipality of which he is an officer or employee, when such officer or employee, individually or as a member of a board, has the power or duty to (a) negotiate, prepare, authorize or approve the contract or authorize or approve payment thereunder (b) audit bills or claims under the contract, or (c) appoint an officer or employee who has any of the powers or duties set forth above * * *."
This prohibition applies to a member of a County Planning Board, pursuant to General Municipal Law, § 800 (4).
In 1975 Atty Gen [Inf Opns] 253, we stated that:
 "Article 12-B of the General Municipal Law and section 220 of the County Law authorize creation of a county planning board. Such a county planning board is largely an advisory body that studies and reports upon the matters of county-wide importance involving zoning (McEvoy Dodge West Ridge, Inc. v Zoning Board of Appeals of the Town of Greece, 69 Misc.2d 55, 56
[1972]). A municipality must refer certain matters to the county planning board before it can act (Asma v Curcione, 31 A.D.2d 883 [1969]), but the municipality can act even when a county planning board disapproves (Matter of Town of Smithtown v. Howell, 31 N.Y.2d 365, 371 [1972])." (Emphasis supplied.)
In his official capacity, the individual in question does not have the power or duty to negotiate, prepare, authorize or approve the contract with himself in his capacity as a private contractor. Strictly construed, there is no prohibited conflict of interest, and the individual's appointment has no effect on the existing contract. However, we note that, according to the contract, the individual owns the only suitable landfill facility within Orleans County "at this time." In the Planning Board's advisory capacity vis-a-vis the legislative body of the County, it is possible that various decisions could be made which would affect the development of competitive landfill operations and, indirectly, the value of the individual's property and the contract with the County.
General Municipal Law, § 806, mandates the adoption of a code of ethics by each county, and section 808 of said Law authorizes the establishment of a local board of ethics. If Orleans County has established a board of ethics, you may wish to submit the matter for its consideration.
From the foregoing, it is our opinion that County Law, § 214 (2), requires the publication of the complete text of each local law, and that there is no statutorily prohibited conflict of interest where a member of the Orleans County Planning Board has a contract with the County for the disposition of solid waste material in a landfill.