Hugh S. Coyle, J.
This action was tried before this court without a jury. The plaintiff, Town of Pelham, has brought this action against the Village of North Pelham and Robert A. Cremins. No personal claim is made herein by plaintiff against defendant Cremins, the Receiver of Taxes of the plaintiff town, who has been made a party for the sole purpose of having before the court all parties in connection with the determination of this controversy, so that, as is stated in the complaint: “ all orders, directions, decrees and judgments of the Court may be effectively enforced ”.
The plaintiff town seeks twofold relief — the first cause of action is for a declaratory judgment relating to collection of North Pelham Village taxes by the Town Tax Receiver, acting as Village Tax Receiver; and the second cause of action is for the recovery of $2,999 for services in collecting the 1961 village taxes.
*236 In 1914 the Legislature of the State of New York enacted a County Tax Act for Westchester County. (L. 1914, ch. 510.) It provided, among other things, that a Town Tax Receiver would also collect taxes for a village in the town. This particular provision of the act was subsequently declared unconstitutional (People ex rel. Town of Pelham v. Village of Pelham, 215 N. Y. 374 [1915]), because it imposed a town officer upon a village without its approval. To remedy this objection and cure it, section 138-a of the Village Law was enacted in 1916 (now § 121) which provided that village electors could, at a special village election, direct the Village Board of Trustees to adopt a resolution whereby the Town Tax Receiver would also act as Village Tax Receiver at a compensation not to exceed 1% of the village assessment roll. This action has been taken by the electors of the Village of North Pelham, and has never been rescinded.
Thereafter and until 1957 the Village Board, each year, duly appointed the Town Tax Receiver the Village Tax Receiver, pursuant to statute.
The Westchester County Tax Act was incorporated into the Westchester County Administrative Code (art. 16; L. 1948, ch. 852) in 1948, and section 544 of the code confirmed the practice of designating the Town Tax Receiver to act as Village Tax Receiver, but expressly provided that designation and compensation were subject to Town Board approval.
In 1958 the Village Board sought to reduce the compensation of the Tax Receiver from 1% to % of 1%, and to fix a maximum compensation of $1,600 annually. The Town Board agreed to have its Tax Receiver act as Village Receiver of Taxes, but objected to and refused to consent to the reduced compensation. The result was that the Village Treasurer collected the taxes. The following year, 1959, the village adopted a resolution, pursuant to the Westchester County Code, designating the Town Tax Receiver as its Tax Receiver and providing that the compensation be paid to the town, but set the compensation at % of 1%. Again the town was willing to have its Tax Receiver act for the village, but would not approve the reduction in compensation. That year the Village Clerk collected its taxes. In 1960, while the matter of compensation was still in dispute, the Town Tax Receiver duly filed his oath of office and bond as Village Tax Receiver, but these were rejected and returned to him because he had notified the Village Board that he had no authority to approve the compensation; that was a matter to be adjusted between the Town and Village Boards. Again, the Village Board had its Clerk collect the taxes.
*237 In 1961, although the circumstances were very similar, the Town Tax Receiver did, in fact, collect the village taxes, and the village resolution designating the Town Tax Receiver provided for compensation of % of 1%, the town resolution provided for 1%.
The complaint seeks a declaratory judgment to the effect that the village is required to continue the designation of the Town Tax Receiver as Village Tax Receiver until after it is authorized to discontinue such designation at a special election of the village electors; that the compensation must be such amount up to 1% of the tax roll as is approved by the Town Board. In other words, as long as the resolution adopted at the November 7, 1922 special election in said village pursuant to section 138-a of the Village Law (now Village Law, § 121, as amd.) remains in effect the village is required to designate the Receiver of Taxes of the plaintiff town, as its Receiver of Taxes, and to pay to plaintiff therefor such compensation authorized by statute as may be approved by the Town Board of the Town of Pelham. In addition, as stated above, the town also seeks judgment for $2,999 against the village for services heretofore rendered by its Receiver of Taxes in the collection of the village taxes for the year 1961.
The facts in general, as stated above and as testified to upon the trial, are not in serious dispute. The issue presented to this court, simply stated, is whether the defendant village has the right to fix and pay the Town Receiver of Taxes the amount of his compensation for acting as Village Receiver of Taxes, so long as it does not exceed 1% of the tax roll as provided by section 121 (formerly § 138-a) of the Village Law, and the proposition adopted pursuant thereto in 1922, or were such powers repealed, modified or changed by the enactment in 1948 of the Westchester Administrative Code.
On the facts in this case, and until the village electors revoke the proposition adopted by them in 1922, designating the Town Tax Receiver as their Tax Receiver, pursuant to section 138-a of the Village Law (now § 121) it is mandatory that the Village Board designate the Town Tax Receiver as the person to collect the village taxes. Neither party to the action has raised any question relative to this fact.
What is in dispute here is whether or not the Town Board of the Town of Pelham has the right to dictate to the village what shall be the compensation of Receiver of Taxes for collecting taxes for the village.
Section 544 of the Westchester County Administrative Code (L. 1948, ch. 852) which became effective July, 1949, provides, *238 in part, as follows, with respect to the Town Tax Receiver: “He shall hold no other elective public office, except that he may act as the receiver of taxes and assessments of any village or villages in such town in the event that with the approval of the town board he is so designated and appointed by the action of the village board. The town may make such arrangements for the collection of the village taxes as to it shall seem just and proper, and any compensation for the receiver of taxes so acting shall be paid to the town. In the event that the town receiver of taxes shall be designated to collect the taxes of any village within the town for which he was elected receiver of taxes, he shall be governed by the provisions of law applicable to the collection of taxes in such village, except as herein otherwise provided or authorized.” (Italics added.)
The contention of the village is that since the original designation of the Town Tax Receiver as Village Tax Receiver was made under the Village Law, and prior to the adoption of the Westchester County Code, the rights and duties of the Village Tax Receiver are governed solely by section 121 of the Village Law (formerly § 138-a) and that the code does not apply.
Section. 615 of the Westchester County Administrative Code establishes that section 121 of the Village Law was not in effect repealed, however sections 611 and 613 must be considered in connection with any existing conflict. Section 611 provides as follows: ‘6 Every provision of the general laws of the state of New York applicable to the county of Westchester shall prevail where no similar or comparable provision act is made by or can fairly be inferred from this act or the county charter, but where inconsistent or conflicting with any provision of this act or the county charter shall be deemed superseded to the extent of such inconsistency or conflict.”
Section 613 of the code provides, in part, as follows: “ The provisions of this act so far as they are substantially the same as the provisions of any statutes or local laws applicable to the county of Westchester and in force on June thirtieth, nineteen hundred forty-eight, shall be construed as continuations of such provisions, codified, consolidated, restated or amended, according to the language employed in this act, and not as new enactments, and all rights existing at the time of the effective date hereof shall be construed to enure to the parties or persons affected thereby.”
The Westchester County Administrative Code is a local law, applicable to Westchester County, whereas the Village Law is a general law, applicable to the entire State of New York. The weight of authority appears to hold that a special law, such as *239 the Westchester County Administrative Code, enacted subsequent to the general statute, shall prevail in the locality in which it applies. (Erie County Water Auth. v. Kramer, 4 A D 2d 545, affd. 5 N Y 2d 954; Matter of Adam v. Farbo, 16 Misc 2d 614; Di Maggio v. De Mematteis, 9 Misc 2d 1025; Strauch v. Town of Oyster Bay, 263 App. Div. 833; Krull v. Bennett Homes & Lbr. Co., 258 App. Div. 10.)
It, therefore, appears that where there is a conflict between the Village Law and the code, the code should prevail. In addition, where there are two statutes such as we are faced with here, relating to the same subject matter, they should be interpreted, if at all possible, so that both may be effective. (City of New York v. Maltbie, 248 App. Div. 36, affd. 274 N. Y. 90; People of City of Buffalo v. Cannizzario, 17 Misc 2d 839.)
In the instant case the Village Board under section 121 of the Village Law is authorized to appoint the Town Tax Receiver as Village Tax Receiver, and the maximum compensations for the Receiver’s services are stated, as are the term of office, the duties, and manner of terminating the designation. The code superimposes thereon the fact that such designation by the village is subject to Town Board approval of the appointment and of the compensation. Thus, both the Village Law and the code can be harmonized and given effect.
Some question has been raised by the defendant village, that by permitting payment of the compensation to be made directly to the Tax Receiver, the town, in effect, has conceded that the code is inapplicable, because, if it were (applicable), the compensation would be payable to the town. In 1953, the town was' advised by the Attorney-General, after a consideration of both the code and the Village Law, that the Tax Receiver might be paid directly by the village, provided his acting as Village Tax Receiver meets with the approval of the Town Board. It follows that the town could not have been acting only upon the theory that only the Village Law applied to this case, and thus either directly or indirectly acknowledged that it was proceeding under the Village Law, and not the code as well.
If the village is dissatisfied with the compensation fixed by the town, it is not bound to pay such compensation. As outlined above, the statute provides a means whereby the village may designate its own Receiver of Taxes. Were the village to be permitted to fix the compensation of the Tax Receiver without consulting the Town Board, then there would be nothing to prevent it from reducing the compensation at will.
This court is of the opinion that both statutes in question are applicable to the appointment of a Tax Receiver for the village, *240 and that while the village may vary the compensation from year to year, that power is subject to Town Board approval, and the village must fix compensation at an amount acceptable to the town. Under the Village Law, defendant village is required to appoint the Receiver of Taxes of the town as the Village Receiver of Taxes only until a village referendum authorizes discontinuance thereof.
Under the circumstances, it is the opinion of this court that plaintiff is entitled to judgment declaring that until and unless the defendant village’s electors, at a special election, revoke their direction to the Village Board of Trustees .to designate the Town Tax Receiver as Village Tax Receiver, the Village Board is required to make such designation at a compensation up to 1% of the tax roll as is approved by the Town Board of the Town of Pelham, and in addition the Town of Pelham is entitled to judgment against the defendant village for $2,999 as compensation for collection of defendant village’s 1961 taxes.