■ In the Matter of ELIZABETH ASMA et al., Respondents, v. ARTHUR CURCIONE et al., Constituting the Board of Appeals of the City of Niagara Falls, et al., Appellants.— Judgment unanimously reversed, without costs, and matter remitted to Zoning Board of Appeals for further proceedings in accordance with the following Memorandum: The Zoning Ordinance of the City of Niagara Falls authorizes the Board of Appeals to issue a special permit subject to the condition that such application must be referred to the Planning Board. If the latter board recommends denial (or issuance subject to stated conditions) the permit may only be issued upon unanimous vote of the Board of Appeals. This procedure was followed in acting on petitioners' application. The Planning Board recommended disapproval and the ensuing vote of the Board of Appeals was nonunanimous. Special Term concluded that the action was arbitrary and capricious and directed issuance of the permit. The difficulty we have in reviewing the matter is caused by the failure of either board to take testimony or make findings. "A denial of an application for a special permit will be reversed where it is unsupported by evidence, and is justified, if at all, solely on the basis of an unfavorable recommendation of the planning board." (3 Anderson, American Law of Zoning, § 15.16.) It follows that a record must be made so that a judicial decision may be made as to whether the determination was arbitrary (cf. *O'Boyle* v. *Coe,* 155 F. Supp. 581). "Under the ordinance the Town Board had the power but not the obligation to license gasoline stations in Business Use Districts. The courts have the power and duty to ask the

board for its reasons, so as to determine whether they were lawful ones or such as reasonable minds could act on." (*Matter of Lemir Realty Corp. v. Larkin,* 11 N Y 2d 20, 25.) Lastly, we take judicial notice of the fact that there exists an Erie and Niagara Counties Regional Planning Board. Section 239-m of the General Municipal Law mandates that in such event the appropriate municipal body before issuing a special permit where, among other things, the subject property is within 500 feet of a State highway, must refer the application to the regional planning board for its report and recommendations with accompanying reasons therefor. "Where referral is required, it constitutes an essential procedural step, and a permit issued without referral is invalid." (3 Anderson, American Law of Zoning, § 15.16.) If subject property is so situated such referral should be made by the Board of Appeals. (Appeal from judgment of Niagara Special Term ordering issuance of special permit.) Present — Goldman, P. J., Marsh, Witmer, Moule and Bastow, JJ.