Arthur C. Aulisi, J.
The single issue presented for determination in this article 78 proceeding is whether the action of the respondent zoning board of appeals in adopting a resolution by a bare majority of its members (four in favor and three against) was effective to authorize the granting of a variance to the applicant Vosburg. It is contended by the petitioner that compliance by the zoning board of appeals with the provisions of section 239-m of the General Municipal Law required a vote of a majority plus one (at least five in favor) before such resolution could be adopted.
Section 239-m of the General Municipal Law provides, in pertinent part, that "In any city, town or village which is located in a county which has a county planning board, commission or other agency, hereinafter referred to as a county planning agency * * * each municipal body which has jurisdiction to adopt or amend zoning regulations, or to issue special permits or grant variances pursuant to such regulations, shall, before taking final action on certain of such matters, refer the same to such county * * * planning *634 agency.” The matters covered are enumerated in the statute and its applicability is not questioned.
Under the provisions of the statute, the county planning agency is required to make a report of its recommendations to the referring municipal body, together with a full statement of the reasons for such recommendations, within 30 days after receipt of the referred matter. If the planning agency fails to act within the 30-day period, or an agreed extended period, the municipal body can act without such report. However, if the planning agency disapproves the proposal, or recommends modification thereof, the municipal body may not act contrary to such disapproval or recommendation except by a vote of a majority plus one of all its members and after the adoption of a resolution stating the reasons for such contrary action.
The legislative mandate imposed upon municipal bodies is jurisdictional. Referral to the planning agency is a condition precedent to final action by the municipalities of the zoning matters specified. (Matter of Asma v Curcione, 31 AD2d 883, 884; 3 Anderson, American Law of Zoning, § 15.16.) Where the planning agency approves the proposal, or fails to act within the applicable time period, a bare majority vote by the municipal body is sufficient. Matter of Smithtown v Howell, 31 NY2d 365, 377; General Construction Law, § 41.) It is only when the planning agency disapproves the proposal or recommends modification thereof that section 239-m requires more than a bare majority, namely, a majority plus one of all of the members of the municipal body.
In the instant case, the report of the planning agency was made on a printed form which, under the section relating to its decision, listed the three statutory options and two nonstatutory administrative actions, namely: (1) Approved, (2) Approved with modification, (3) Disapproved, (4) Returned for additional information and (5) No direct county concern, returned for local decision. Opposite each item in the list was a space and the only marking with respect to the decision appears in the space next to the fifth item on the list. Clearly, the report on its face does not indicate a decision disapproving the proposal or one approving the same with modification. Thus, a bare majority vote by the zoning board of appeals was sufficient to authorize the granting of the variance.
It is urged by the petitioner, however, that certain statements made by a member of the staff of the planning agency at the time the report was transmitted to the zoning board of *635 appeals in effect constituted a recommended disapproval of the proposal. This contention is untenable. By the express provisions of the statute, the decision-making function on the referred matters is committed to the planning agency and not to its individual members or members of the county planning staff. Here, the planning agency, after considering the Vosburg application, concluded that the subject matter did not involve a direct county concern and returned the application to the respondent for local decision, without taking any action under section 239-m. That this decision was correctly communicated to the respondent zoning board of appeals cannot be doubted. The minutes of the latter body, as well as the uncontroverted affidavit of the staff member to whom the statements are attributed, amply support this finding. Any other statement that might have been made at the time could not alter or change the administrative nature of the planning agency’s decision and must be regarded as surplusage or, at best, the expression of a personal opinion.
The remaining contention of the petitioner that the granting of the variance was based upon improper findings by the zoning board of appeals is not supported by any factual showing and has no merit.
In view of the foregoing, the application of petitioner is denied and the cross motion of respondents to dismiss the petition is granted.