OPINION OF THE COURT
Harold L. Wood, J.
Plaintiffs herein, homeowners in the vicinity of property owned by defendant Darswan, Inc., seek judgment declaring that rezoning of the said property by the other defendants from C-l Planned Business District to CRS-Regional Shopping Center District by resolutions adopted by the Town Board of the Town of Yorktown (Town) in 1970 and 1971 was improperly effectuated.
Specifically, plaintiffs seek a judgment
"A. Declaring illegal and of no force and effect the purported rezoning to CRS classification of the initial 42 acres of the Subject Property;
"B. Declaring illegal and of no force and effect the purported rezoning to CRS classification of the remaining 8.3 acres of the Subject Property;
"C. Setting aside the purported 1970 and 1971 rezonings.”
The property in question, consisting of 50+ acres, was originally acquired from the then owner Jefferson Valley Corporation, by a joint venture which ultimately, due to financial difficulties, conveyed the same to Darswan in 1974.
Prior to 1970 the property was zoned C-l, Planned Business District. In June, 1970, the Town amended its zoning ordinance to establish a new zoning classification denominated CRS-Regional Shopping Center District.
In August, 1970, Darswan’s predecessor in title formally applied to the Town for a change in zoning regarding 42+ acres of its said property from C-l to CRS. On September 1, 1970 the Town noticed the application for public hearing on September 15, 1970 and notice of the proposed change in zoning was duly published and, additionally, notice thereof *940 was forwarded to the Westchester County Planning Board (W. C. P. B.). The scheduled hearing was held and closed on September 15, 1970.
By letter dated October 5, 1970, the W. C. P. B. issued its review of the proposed zoning change theretofore referred to it as hereinabove stated.
The said letter of October 5, 1970 was addressed to one Raymond H. Arnold, Director of Planning of the Town of Yorktown and opened its comments, as follows: "The Westchester County Planning Board, pursuant to Section 451 of the Westchester County Administrative Code, has reviewed the application [for a zone change]” (emphasis supplied).
The said letter, in its introductory comments, stated, in pertinent part, that: "A point of distinction must be made here between consideration of the change of zone and consideration of the site development proposed that is being promoted on the assumption the change will be granted. It is entirely possible to favor the rezoning and yet to have considerable reservations about the details of the design of the shopping center * * * The County Planning Board has jurisdiction only over the change of zone; site plan approval is a local matter, subject to county review only in some functional areas such as health requirements and drainage * * * County Planning Board review, therefore, will be on both the zoning and site development aspects, since this may be our only opportunity to comment on this proposal.” (Emphasis supplied.)
The said letter concluded: "Although the proposed development is generally in accordance with the master plan of the Town and the site is a reasonable one for this type of development, the Westchester County Planning Board finds that they cannot recommend approval of the requested zone change from C-l to CRS unless and until the aforementioned safeguards are provided.” (Emphasis supplied.)
Following receipt of this letter of October 5, 1970 and on October 20, 1970, the Town unanimously adopted Resolution No. 513 whereby the 42+ acres of the subject property was rezoned from C-l to CRS.
Thereafter, in February, 1971, a further application for similar rezoning was made with regard to the remaining 8+ acres of the subject property. On March 16, 1971, the Town noticed a hearing on this second application for April 6, 1971 and on the latter date, by Resolution No. 141, the rezoning of *941 the 8+ acres was unanimously approved by the Town. It is important to note, at this juncture, that, with regard to this 8+ acres, there was no referral to the W. C. P. B.
The thrust of plaintiffs’ instant action for declaratory judgment is that the Town’s rezoning of the initial 42+ acres was invalid as being violative of the requirements of section 239-m of the General Municipal Law for reasons set forth hereinafter and, further, that such rezoning of the remaining 8+ acres was invalid because such rezoning was never submitted for review to the W. C. P. B. as allegedly mandated by both section 239-m of the General Municipal Law and section 451 of the Westchester County Administrative Code (L 1948, ch 852, as amd).
Section 239-m of the General Municipal Law requires, in pertinent part that with regard to amendments of zoning regulations by a town, inter alla, which would change the district classification as to real property lying within 500 feet from any existing county or State road, the town "shall, before taking final action on * * * such matters, refer the same to [the] county * * * planning agency.” The said section requires, further, that the county planning agency shall, within 30 days after receipt of a full statement of such referred matter, report its recommendations thereon to the town accompanied by a full statement of the reasons for such recommendations. If such report is not forthcoming within such 30-day period the town may act to rezone without such report.
However, "[i]f such planning agency disapproves the proposal, or recommends modification thereof, the municipal agency having jurisdiction shall not act contrary to such disapproval or recommendation except by a vote of a majority plus one of all the members thereof and after the adoption of a resolution fully setting forth the reasons for such contrary action.” (General Municipal Law, § 239-m.)
Section 451 of the Code provides, in pertinent part, that when a town proposes an amendment of a zoning ordinance changing the use classification of property within such town, notice thereof, by mailing a copy of the proposed change at least 10 days prior to any scheduled hearing thereon, must be given to the county planning board. It then goes on to direct that: "The county planning board may appear at any such hearing and be heard and file a memorandum of its position. If the county planning board disapproves the proposal on *942 which the hearing is held, or recommends changes or modifications thereof, the municipal agency having jurisdiction shall not act contrary to such disapproval or recommendation except by the adoption of a resolution of such agency, which action shall be subject to judicial review pursuant to the laws providing for the review of acts of such municipal agencies, commenced within thirty days of its adoption.” (Westchester County Administrative Code, § 451, as added by L 1961, ch 822.)
It seems appropriate, at this point, to set forth, generally, the legislative history of the relevant statutory sections with which we are here involved.
Section 239-m of the General Municipal Law was passed by chapter 1041 of the Laws of 1960, effective January 1, 1961 and, as originally enacted, was as hereinabove paraphrased except that any overriding of the county planning board disapproval or recommendations could be effectuated by a majority vote.
By chapter 835 of the Laws of 1961, effective April 22, 1961, the Legislature added a further paragraph which stated: "This section shall not apply to any county having an alternative form of county government in pursuance of which approval of the county planning commission or other such agency was required, prior to January first, nineteen hundred sixty-one, of any zoning ordinance or amendments thereto relating to property within a speciñed distance from the boundary or line of a municipality or municipalities within such county.” (Emphasis supplied.)
By chapter 822 of the Laws of 1961, also effective April 22, 1961, section 451 was added to the Westchester County Administrative Code which, incidentally, was effective July 1, 1948. It is of importance to note, at this juncture, that the said Code contains the following general provisions (art 19):
"§ 611. Application of General Laws. Every provision of the general laws of the state of New York applicable to the county of Westchester shall prevail where no similar or comparable provision is made by or can fairly be inferred from this act or the county charter; but where inconsistent or conflicting with any provision of this act or the county charter shall be deemed superceded to the extent of such inconsistency or conñict. * * *
"§ 615. No Repeal by Implication. It is not intended by this act to repeal by implication any existing law applicable only *943 to the county of Westchester, and no law shall be deemed repealed hereby unless expressly provided for herein.
"No law hereafter enacted shall be construed to repeal any provision of this act by implication, but every such provision shall be deemed to be in full force and effect until speciñcally amended or repealed(Westchester County Administrative Code, §§ 611, 615, as added by L 1948, ch 852; emphasis supplied.)
Coming back now to section 239-m of the General Municipal Law, by chapter 296 of the Laws of 1967, effective April 18, 1967, the section was amended to provide the now requirement of an overriding of disapproval or recommendations by a "majority plus one” instead of a mere majority.
By chapter 962 of the Laws of 1968, effective January 1, 1969, the language inserted by chapter 835 of the Laws of 1961 was eliminated.
Finally, by chapter 1068 of the Laws of 1969, effective May 26, 1969, section 239-m of the General Municipal Law was amended by the insertion of the following new paragraph at the end thereof: "Within seven days after final action by the municipal agency having jurisdiction on the recommendations, modifications or disapproval of a referred matter, such municipal agency shall file a report of the final action it has taken with the county * * * planning agency which had made the recommendations, modifications or disapproval.”
As stated above, plaintiffs contend that the rezoning, as unanimously adopted by the Town Resolution No. 513, on October 20, 1970, with reference to the 42+ acres, was improper since the W. C. P. B. had recommended modifications in its letter of October 5, 1970 and it was therefore incumbent upon the Town, in adopting said resolution, to comply with section 239-m of the General Municipal Law by setting forth in the adoptive resolution the reasons for its overriding action. With regard to the adoption of the rezoning with reference to the 8+ acres, plaintiffs claim this invalid since this acreage was never referred to the W. C. P. B., either pursuant to section 239-m of the General Municipal Law or pursuant to section 451 of the Code.
Defendants take the position that the 42+ acreage rezoning was properly referred to the W. C. P. B. under either section 239 of the General Municipal Law or section 451 of the Code; that since the enactment of section 451 of the Code, the W. C. P. B. has felt that section 451 of the Code has superseded *944 section 239-m of the General Municipal Law and the latter statute does not apply in Westchester County; that the Code section being applicable to the rezoning in question, incorporation in the adoptive rezoning resolution was neither mandated nor required.
Further, the Town contends that not only was the October 5, 1970 report of the W. C. P. B. admittedly beyond its jurisdiction in that it dealt completely with objections to the site plan —a field admittedly not its concern — but its report also was not in fact a disapproval or a modification and if the court finds otherwise, proper procedure requires a referral back to the Town for a statement of the reasons for overriding the recommendations of the W. C. P. B.
As to the parcel of 8+ acres, the Town takes the position that this parcel was not referrable under any circumstances or under any applicable statute as this parcel did not abut a highway or otherwise fall within the definitions of property the rezoning of which should be referred either pursuant to section 239-m of the General Municipal Law or section 451 of the Code.
It is felt by this court and so held that in the light of the statutes and amendments which constitute section 239-m of the General Municipal Law as well as section 451 of the Code, taken together with sections 611 and 615 of the Code as set forth hereinabove, Westchester County was not bound by the terms of section 239-m of the General Municipal Law but, rather, by section 451 of the Code.
The dichotomy engaged in by counsel for the parties hereto regarding the effect of the initiation of section 239-m of the General Municipal Law as a general law and its subsequent modification to a special law by chapter 835 of the Laws of 1961 and its subsequent reversion back to a general law by the repealing of chapter 835 of the Laws of 1961 by chapter 962 of the Laws of 1968 appears to this court to be of little moment in view of the obvious language of section 451 of the Code, taken together with sections 611 and 615 of the Code.
Of compelling force, too, in this connection, is the question raised by Mr. Justice Hopkins in his dissent in Matter of Town of Bedford v Village of Mount Kisco (40 AD2d 979, 980, n 3) where the Justice raised, but did not reach, the survival of section 451 of the Code in the face of chapter 835 of the Laws of 1961, as amended by chapter 962 of the Laws of 1968. On appeal, the Court of Appeals stated (33 NY2d 178, 185, n *945 1) that "Westchester County was never within the exception created by L. 1961, ch. 835, and we conclude that section 452 [Code, § 452] was unaffected by L. 1968, ch. 962.” (See, also, Anderson, Interim Report No. 6 [1970], Residential Analysis for Westchester County, New York, Zoning Ordinances and Administration, p 55.)
Plaintiffs, in their reply brief, in discussing section 239-m as regards the superseding thereof, contend that section 239-m of the General Municipal Law still obtains as to Westchester County to the extent that said section is not inconsistent with section 451 of the Code. Plaintiffs go on to contend that the section 239-m of the General Municipal Law requirement that an overriding of the W. C. P. B. recommendations must be by a Town resolution fully setting forth its reasons therefor "is plainly not inconsistent with any part of [Code] 451” and being not inconsistent must be complied with.
This court cannot agree therewith. Section 239-m of the General Municipal Law requires an overriding of the W. C. P. B. by, inter alla, "the adoption of a resolution fully setting forth the reasons for such contrary action”; section 451 of the Code (as added by L 1961, ch 822) states that to override a W. C. P. B. disapproval or changes or modifications all that the Town need do is to adopt "a resolution of such [municipal] agency, which action shall be subject to judicial review”. It would seem, and this court so declares, that, as between these stated statutes, there is such an inconsistency as would trigger the implementation of sections 611 and 615 of the Code.
Plaintiffs’ reliance upon Town of Pelham v Village of North Pelham (38 Misc 2d 234) as authority for the proposition that where similar statutes are involved, an interpretation thereof should attempt effectuation of both is well placed. However, that case bottomed its determination upon the fact that there both statutes involved "can be harmonized and given effect” (Town of Pelham v Village of North Pelham, supra, at p 239). However, vis-á-vis section 239-m of the General Municipal Law and section 451 of the Code, taken together with sections 611 and 615 of the Code, there is not presented a situation where both "can be harmonized and given effect”; rather, as above stated, a patent inconsistency is presented.
Plaintiffs’ reliance upon Matter of We’re Assoc. Co. v Bear (35 AD2d 846, affd 28 NY2d 981) and Matter of Town of Smithtown v Howell (31 NY2d 365) as indicative of the superseding of section 451 of the Code by section 239-m of the *946 General Municipal Law, as amended, is misplaced, in the opinion of this court. Nothing has been advanced by plaintiffs to indicate that Nassau and Suffolk Counties contained in their respective charters any saving provisions comparable to sections 611 and 615 of the Code.
The evidence adduced at the hearing held on November 2, 1979 shows, indisputably, that the Town duly referred the rezoning of the 42+ acres to the W. C. P. B. It was further shown that while no specific reference was made by the Town’s referral agent as to whether it was a referral pursuant to section 239-m of the General Municipal Law or section 451 of the Code, the said agent understood that he was referring it pursuant to section 451 of the Code. The response in the referral from the W. C. P. B. dated October 5, 1970, clearly advised that such response was "pursuant to Section 451 of the Westchester County Administrative Code.”
Can the choice by the W. C. P. B. to respond to the referral pursuant to section 451 of the Code rather than pursuant to section 239-m of the General Municipal Law serve to impose the sanction of illegality of the rezoning upon the Town? This court holds that under the circumstances here presented such a sanction is contraindicated.
Further, the W. C. P. B. having opted to respond pursuant to section 451 of the Code, the claimed necessity for the Town to comply with the requirements of section 239-m of the General Municipal Law with respect to an overriding by incorporating, in the overriding resolution, the reasons therefor, seems obviated. (Matter of Vanderveer v Vanrouwendaal, 89 Misc 2d 604.)
Plaintiffs have contended that the failure of the Town to discuss at a public hearing the contents of the October 5, 1970 report of the W. C. P. B. prior to the enactment of the overriding resolution was improper and sufficient to invalidate the rezoning. This court cannot agree with this. No specific statutory language is asserted which mandates a public hearing on the referral report nor can this court find any necessary implication which would require such a procedure. (Schaus v Town Bd. of Town of Clifton Park, 83 Misc 2d 726, 729.)
The referral statutes involved herein require various specified procedures. It seems undisputed that proposed rezoning falling within the parameters of the sections must be referred to the planning board. That requirement, at the very *947 least, appears jurisdictional and "a condition precedent to 'final action’ by the municipalities on the zoning matters specified.” (Schaus v Town Bd. of Town of Clifton Park, supra, p 728.) However, what is the status of the requirement that an overriding resolution (in this case unanimously passed) set forth the reasons for such contrary action? It is felt by this court and so held that while a portion of the relevant statutes may be deemed jurisdictional other portions thereof are merely administrative in nature and, as to these, strict compliance is neither compulsory nor may noncompliance serve to invalidate the rezoning. Such a feeling may be reasonably inferred when one concerns itself with the amendment to section 239-m of the General Municipal Law added by chapter 1068 of the Laws of 1969, hereinabove set forth in haec verba. The Governor’s message, dated May 26, 1969, with respect to that amendment stated (NY Legis Ann, 1969, p 575), in pertinent part: "It should be noted here that the reporting requirement established in this bill is intended, according to its sponsors, to be purely administrative in nature. Accordingly, failure to file any such report should not be interpreted as invalidating the original action taken by the municipality. Clarification of this particular point was recommended to me by the Office for Local Government”.
The question of whether the report from the W. C. P. B. dated October 5, 1970, was, in fact, a disapproval of the rezoning merits some consideration.
It must be remembered that the W. C. P. B. in its said report specifically assumed jurisdiction "only over the change of zone; site plan approval is a local matter” (emphasis supplied). Yet, an examination of the report reveals that the W. C. P. B., "since this may be [its] only opportunity to comment on this proposal”, undertook to base its failure to "recommend approval” entirely upon site plan considerations — a subject expressly stated as outside its jurisdiction. It may well be stated that by concerning itself with alleged site plan deficiencies the W. C. P. B. impliedly conceded the validity and propriety of the rezoning for, had it determined to disapprove the rezoning, the entire report as to its concerns with site plan problems would have been unnecessary.
Having determined that section 451 of the Code was the proper applicable statute regarding the rezoning of the 42+ acres, the later rezoning by the Town of the remaining 8+ acres, by way of Resolution No. 141, dated April 6, 1971, did *948 not have to be referred to the W. C. P. B. since this acreage did not abut any State or county road.
In advancing the contention that these 8+ acres were referable to the W. C. P. B. even pursuant to section 451 of the Code, plaintiffs rely upon a practice of the W. C. P. B. to require referrals of property which, though not abutting a State or county highway, are under the same ownership and abut property which does, in turn, abut a State or county highway. Simply stated, it was the position of the W. C. P. B. to the Town’s Director of Planning that "Although the portion of the property involved did not physically abut Route 6, a State Highway, the property is covered by that statute [Code, § 451] since it is under one ownership, and what happens in the rear portions of that property directly affects the State highway.”
The short answer to this contention is that the existence of this "practice” never appears to have been made known to the Town by the W. C. P. B. and, in fact, such property falling within the "practice” was not considered by the W. C. P. B. until and unless it was specifically referred by the municipality to the W. C. P. B. which, in this instance, condededly was not done. Further, as appears from the date of this advice, the "practice” was not made known to the Town until many years after the rezoning of both parcels had been effectuated. Further, section 451 of the Code, by its terms, gives absolutely no indication that this "practice” falls within the permissible parameters of section 451 of the Code and, absent that, the said "practice”, unilaterally determined by the W. C. P. B. cannot attain the sanctity of statutory direction or requirement.
The fears expressed by plaintiffs in their posttrial brief that failure to afford recognition to this "practice” will result in developers seeking a zoning change with county planning review for a narrow strip abutting a State highway and subsequent changes for adjoining parcels which do not abut and which are not referred for review — sort of "sliced salami” approach — are better addressed to the Legislature.
Accordingly, it is felt and so declared that with regard to the 8+ acres, the rezoning was properly enacted.
We come, finally, to the contention advanced by defendant, Darswan, Inc. that plaintiffs’ action is barred by the doctrine of loches. In view of the foregoing, the issue of loches has not been reached by this court.
*949 Accordingly, this court hereby declares that the two zoning resolutions adopted by the Town on October 20, 1970 and April 6, 1971 respectively were properly and legally adopted and that the rezoning of the 42+ acres as well as the 8+ acres was legal and valid and that defendants are entitled to judgment so declaring.