## SECOND DEPARTMENT, MARCH, 1981

## (March 2, 1981)

■ MICHAEL BLOOM et al., Appellants, v TOWN BOARD OF THE TOWN OF YORKTOWN et al., Respondents. — In an action for a declaratory judgment, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, dated March 7, 1980, which, after a nonjury trial, *inter alia,* declared that Resolution No. 513, adopted by the Town Board of the Town of Yorktown on October 20, 1970, and Resolution No. 141, adopted by the Town Board of the Town of Yorktown on April 6, 1971, were properly and legally adopted. Judgment modified, on the law, by deleting the second and fourth decretal paragraphs and deleting from the fifth decretal paragraph the words "and in Resolution #141". As so modified, judgment affirmed, without costs or disbursements, and case remitted to Special Term for further proceedings consistent herewith. In this action plaintiffs, whose property lies in the neighborhood of the land at issue here, contest the validity of two zoning resolutions adopted by the Town Board of the Town of Yorktown. In the first of these resolutions (Resolution No. 513), adopted October 20, 1970, the town board rezoned a 42-acre tract of land abutting Route No. 6, a State highway, to "CRS District" for use as a regional shopping center. In the second resolution (Resolution No. 141), adopted April 6, 1971, a contiguous eight-acre parcel also was rezoned to "CRS District" and added to the land previously rezoned to regional shopping center. Although the second parcel did not abut Route No. 6, it was within 500 feet of it. In their declaratory judgment action (and on this appeal), plaintiffs maintained that both resolutions are invalid because the town board failed to comply with section 239-m of the General Municipal Law, which requires the municipal body with relevant zoning jurisdiction to refer to the county planning agency for review proposed zoning amendments, special permits or variances affecting land within 500 feet of a State highway. If the county planning agency disapproves of the amendment, permit or variance, the municipal body may adopt it by the vote of a majority plus one and only after "adoption of a resolution fully setting forth the reasons for such contrary action." Here the town board did refer the original amendment rezoning the 42 acres abutting Route No. 6 to the Westchester County Planning Board. Noting in its letter of reply that the proposed development is generally in accordance with the master plan of the town and the site is a reasonable one for this type of development, the county planning board nevertheless declared that approval of the amendment was being withheld until submission of an adequate site plan. The letter explained that the agency was attempting to exercise control over the site plan because "The County Planning Board has jurisdiction only over the change of zone; site plan approval is a local matter, subject to county review only in some functional areas such as health requirements and drainage *** this may be our only opportunity to comment on this proposal." The town board, however, approved the amendment unanimously without referring to the opinion of the county planning board and without any explanation of its reasons. The second amendment rezoning the contiguous eight-acre parcel was adopted without referring the proposal to the county planning board for a recommendation. Special Term held that section 451 of the Westchester County Administrative Code (L 1948, ch 852 as amd) was in conflict with section

239-m of the General Municipal Law, and since the provisions could not be harmonized and given effect, the Administrative Code section was controlling. In Special Term's view, both resolutions were adopted in compliance with section 451 of the Westchester County Administrative Code *(Bloom v Town Bd. of Town of Yorktown,* 102 Misc 2d 938). At issue is the necessity of the town board to comply with section 239-m of the General Municipal Law. The section originally was enacted in 1960 (see L 1960, ch 1041, § 1) as a general law (see *Matter of Smithtown v Howell,* 31 NY2d 365, 375), while section 451 of the Westchester County Administrative Code, enacted by the State Legislature in 1961 (see L 1961, ch 822, § 1), is a special law (see Municipal Home Rule Law, § 2, subd 12), which was not affected by subsequent amendments (see L 1961, ch 835, § 2; L 1968, ch 962, § 1) to section 239-m of the General Municipal Law (see *Matter of Town of Bedford v Village of Mount Kisco,* 33 NY2d 178, 185, n 1; cf. *Matter of We're Assoc. Co. v Bear,* 35 AD2d 846, affd 28 NY2d 981). Therefore, where the two sections conflict, section 451, as a special law, must prevail (see McKinney's Cons Laws of NY, Book 1, Statutes, § 397; *Board of Coop. Educational Servs., Nassau County v Goldin,* 38 AD2d 267; *Town of Pelham v Village of North Pelham* 38 Misc 2d 234). The further question is whether the two sections can be read together. Both statutes set forth different and inconsistent procedures to achieve the same end, although each provides for county planning agency input on local land use determinations. When he approved the enactment of sections 451 and 452 of the Administrative Code, Governor Rockefeller noted that "The bills are consistent with the concept found in Sections 239-l and 239-m of the General Municipal Law added by Chapter 1041 of the Laws of 1960" (see NY Legis Ann, 1961, pp 474, 475). However, the procedural mechanisms are distinctly different. Section 451 of the code requires that a municipality give notice of hearings on amendments to zoning ordinances which affect the use of any land in the municipality, while section 239-m of the General Municipal Law requires notice to the county planning agency where the land lies within 500 feet of municipal boundaries or county and State roads. Section 451 provides for a minimum of 10 days' notice to the county planning board before the zoning hearing takes place so that it may take a position at the hearing, while 239-m gives the planning agency 30 days to make a recommendation before the municipal body takes final action. If the planning agency disapproves of the proposed amendment, section 451 allows the municipality to act contrary to that recommendation "by the adoption of a resolution", while section 239-m declares that "the municipal agency having jurisdiction shall not act contrary to such disapproval or recommendation except by a vote of a majority plus one of all the members thereof and after the adoption of a resolution fully setting forth the reasons for such contrary action." We conclude that the two sections are in irreconcilable conflict, and since section 451 of the Administrative Code is a special law, it must be deemed controlling (see *Board of Coop. Educational Servs., Nassau County v Goldin, supra).* Applying that conclusion as to the predominance of section 451, if the county planning board's withholding of approval of the original 42-acre rezoning is deemed a recommendation of disapproval, the town board was not required to state its reasons for acting contrary to the recommendation because section 451 contains no such requirement. Consequently, the town board's adoption of that rezoning resolution was not improper. However, the adoption of the second rezoning resolution without written notice to the county planning board did violate section 451. Since we view that violation as jurisdictional in nature (see *Matter of Asma v Curcione,* 31 AD2d 883; *Matter of Weinstein v Nicosia,*

32 Misc 2d 246, affd 18 AD2d 881; 1967 Opns Atty Gen 127; 1 Anderson, New York Zoning Law and Practice [2d ed], § 16.09), we conclude that the second resolution was a nullity. Defendant Darswan, Inc., the owner, argues, however, that laches bar a declaratory judgment to the latter effect. There was testimony that Darswan, Inc., has been prejudiced by unnecessary delay to the extent that it expended $400,000 to maintain and develop the property for use as a regional shopping center. Nevertheless, Special Term did not rule on the laches question and we therefore remit this proceeding to Special Term for a determination as to whether plaintiffs' claim for relief is barred by laches (see *Town of Cortlandt v Village of Peekskill,* 281 NY 490; *Village of Lynbrook v Cadoo,* 252 NY 308). Lazer, J.P., Mangano, Gibbons and Gulotta, JJ., concur. [102 Misc 2d 938.]