■ KATHRYN L. DOUGHERTY et al., Appellants-Respondents, v CITY OF RYE et al., Respondents-Appellants. — In an action to declare an amendment to the zoning map of the City of Rye null and void, plaintiffs appeal from so much of an order of the Supreme Court, Westchester County (Walsh, J.), entered November 10, 1983, as granted defendants' motion to dismiss the complaint, and denied that branch of their cross motion which sought summary judgment in their favor on the complaint and defendants cross-appeal from so much of that order as granted those branches of plaintiffs' cross motion which sought dismissal of defendants' counterclaim. ¶ Order modified, on the law, by deleting the provisions thereof which granted defendants' motion and denied that branch of plaintiff's cross motion which sought summary judgment, and substituting therefor provisions denying defendants' motion and granting that branch of the cross motion, and the amendment to the zoning map is declared null and void. As so modified, order affirmed, without costs or disbursements. ¶ In this action, plaintiffs, whose property lies in the neighborhood of the land at issue here, contest the validity of a zoning amendment adopted by the Rye City Council on April 21, 1982. The City Council changed the classification of the property in issue from an "R-5 single family District" to an "RA-5 Senior Citizens Apartment District". Subdivision 2 of section 277.61 of the Westchester County Administrative Code sets out the procedure which must be followed in the implementation of a zoning amendment. It provides, in relevant part, that: ¶ "Each city, village or town in the county shall give notice of any hearing scheduled in said municipality by mailing a copy thereof at least ten (10) days prior to such hearing to the County Planning Board when such hearing is in connection with (1) the proposed adoption or amendment of a zoning ordinance or the proposed issuance of a special permit or use permit changing the use classification of property located within such municipality, or a proposal decreasing the front yard set back or the minimum street frontage or average width of any property abutting any state highway, parkway or thruway, or any county or parkway or state or county park within such municipality". ¶ Plaintiffs contend that, since the City of Rye did not give the necessary notice to the Westchester County Planning Board, the zoning amendment is null and void. ¶ We agree. The administrative code requires that a municipality give notice of any hearing on an amendment to a zoning ordinance which affects the use of any land in the municipality (*Bloom v Town Bd.,* 80 AD2d 823, app dsmd 53 NY2d 938). The fact that the property does not abut a State or county highway or park does not exempt the municipality from

the requirement of notifying the county of the hearing when what is to be discussed is the amendment of a zoning ordinance which changes a use classification. ¶ The record indicates that notice of the April 21, 1982 meeting at which the amendment was adopted was not given to the Westchester County Planning Board. As the violation is jurisdictional in nature (*Bloom v Town Bd., supra; Matter of Asma v Curcione,* 31 AD2d 883; *Matter of Weinstein v Nicosia,* 32 Misc 2d 246, affd 18 AD2d 881), we conclude that the amendment was a nullity. ¶ We have reviewed the other contentions of the parties and find them to be without merit. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.