Executive Law §§ 73, 135, 139(1), 142; Judiciary Law §117; Session Laws L. 1920, CH. 1099, L. 1920, CH. 1117

The mayor and members of the council can administer oaths and take affidavits and acknowledgments within the city as authorized by the City's charter.

November 4, 2016

John C. Rossi                                              Informal Opinion
Corporation Counsel                                        No. 2016-2
City of Auburn
Memorial City Hall
24 South Street
Auburn, New York 13021-3832

Dear Mr. Rossi:

You have requested an opinion as to whether the mayor and members of the city council may exercise specific powers granted to them by the City's charter. The charter grants the mayor and members of the council, along with several appointive city officers, "the power to administer oaths and take affidavits and acknowledgments within the City, the same as Commissioners of Deeds." Auburn City Charter § C-28. Your question is whether that grant of power to the mayor and council members is invalid on the ground that it conflicts with Executive Law § 139(1), which provides that commissioners of deeds are appointed by the common council, and you see a potential inconsistency between Executive Law § 139(1) and the city charter's language that the mayor and council members are granted certain powers "the same as Commissioners of Deeds." As explained below, we are of the opinion that section C-28 of the City's charter validly authorizes the mayor and council members to administer oaths and take affidavits and acknowledgements within the city.

First, we are of the view that Executive Law § 139(1) and section C-28 of the charter are not inconsistent. Executive Law § 142 provides that commissioners of deeds, who are appointed in a manner specified by Executive Law § 139(1), are authorized to administer oaths and take affidavits and acknowledgments within the city, but it does not purport to make them the only officials who may do so. Indeed, these powers are also held by notaries, see Executive Law § 135, and others, see, e.g., Executive Law § 73 (Attorney General and qualified deputies and assistants); Judiciary Law § 117 (court referees). Charter section C-28 does not purport to make the mayor or anyone else a commissioner of deeds, but rather to confer upon certain individuals specified powers relating to oaths, affidavits, and acknowledgments, using the shorthand term "the same as Commissioners of Deeds" to describe the relevant powers. Indeed, the charter specifically provides for the appointment of

commissioners of deeds, see Auburn City Charter § C-25(A)(12), confirming that the mayor and other officers named in section C-28 are not commissioners of deeds themselves. Thus, the fact that their mode of selection is different from that required by Executive Law § 139(1) is of no practical significance to their authority to exercise the powers granted by section C-28.

Second, if there were some inconsistency between the provisions—which there is not—then, because they were both enacted by the State Legislature, the charter, as the later-enacted provision, would supersede the Executive Law. The predecessor to Executive Law § 139(1) was enacted in 1909. L. 1909, ch. 23, *reprinted in* Executive Law § 106 (McKinney 1917). The predecessor to section C-28 was enacted by the Legislature in 1920. *See* L. 1920, ch. 438, § 29; 1920 N.Y. Laws 1099, 1117. Thus, if the provisions of the Executive Law and the charter were inconsistent, the charter provisions enacted by the Legislature would have superseded the existing Executive Law provisions insofar as they applied to the City. *See Bloom v. Town Bd. of Town of Yorktown*, 80 A.D.2d 823, 824 (2d Dep't 1981).

For these reasons, we are of the opinion that the mayor and members of the council can administer oaths and take affidavits and acknowledgments within the city as authorized by section C-28 of the City's charter.

The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.

Very truly yours,

KATHRYN SHEINGOLD
Assistant Solicitor General
 in Charge of Opinions